Linda Barrera FETTY as Parent and Next Friend of Her Minor Daughter, Rizza Fetty, Appellant

v.

Danny MILLER, Individually and as Agent of Valero Interstate Transmission Company, A Subsidiary of Valero Management Company, Valero Energy Corporation and Valero Transmission Co., Appellees.

No. 04–94–00013–CV.

Court of Appeals of Texas, San Antonio.

June 14, 1995.

Rehearing Overruled July 18, 1995.

William J. Tinning, Law Office of William J. Tinning, Corpus Christi, for appellant.

Ben A. Donnell, Sandra Sterba–Boatwright, Clay E. Coalson, Caroline L. Bertuzzi, Meredith, Donnell & Abernethy, Corpus Christi, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

RICKHOFF, Justice.

This appeal raises an issue of first impression: When a vehicle parked on private property blocks a driver's view of an intersection, is the property owner liable for the motorist's accident? The appellant, Linda Barrera Fetty, as next friend of her minor daughter, Rizza Fetty, appeals from a take-nothing summary judgment granted in favor of the appellees, Danny Miller and Valero Interstate Transmission Company, Valero Management Company, Valero Energy Corporation, and Valero Hydrocarbons Company. Fetty alleged that a Valero truck parked on Miller's property blocked her view of an intersection and caused her automobile accident. In three points of error, she contends the trial court erred in finding that this private landowner had no duty to her. We affirm.

### Summary of Facts

On May 18, 1991, two cars collided at a perpendicular intersection in Premont, Texas. Fetty lived at the corner of the intersection. She backed out of her driveway onto South Dolores Street and approached the stop sign to make a left turn. She was in the process of making a left turn onto Southwest Tenth Street when she was struck by a vehicle driven by Elizabeth Ann Garcia. Fetty's passenger and minor daughter, Rizza Fetty, was injured.

Garcia, who enjoyed the right of way, said Fetty ran the stop sign. Fetty said Garcia was speeding and distracted by a passenger. Fetty also said she could not see when she looked left because two vehicles, including a pickup truck, blocked her vision. She proceeded into the intersection to obtain a better view. When she noticed Garcia approaching from the left, she tried unsuccessfully to accelerate. Garcia settled with Fetty and is not a party to this appeal.

At the time of the accident, Miller lived in the second house from the intersection in the direction Fetty was looking. He had parked two vehicles on his front lawn within his property line, including the Ram Charger pickup owned by his employer, Valero Transmission Company.[1] The second vehicle, not owned by Valero and not a subject of this lawsuit, was parked in front of the truck, closer to the intersection.

### Arguments on Appeal

In three points of error, Fetty complains the trial court erred because: (1) Miller and Valero were negligent per se in violating a city ordinance; (2) a fact issue existed as to whether their conduct caused the accident; and (3) a fact issue existed as to whether they owed Fetty a duty. The appellees contend that Fetty waived her right to appeal because she failed to assign general error to the grant of the summary judgment, assign error to all grounds for the summary judgment, or provide argument in her brief on the unchallenged grounds.

Fetty's first amended original petition stated her theories of recovery as follows:

---

1. Valero Interstate Transmission Co., Valero Management Corporation, Valero Energy Corporation, and Valero Hydrocarbons were also named defendants; however, during oral argument, Fate's counsel allowed that they were joined in error. We note that the summary judgment addresses the claims against Valero Hydrocarbons Company although this company is not named in the style of the judgment.

The occurrence was brought about by the negligence of the Defendants by the parking of the vehicle in their control in an obstructing position to those entering the intersection in question, by their authorized agent, Defendant Danny Miller, who was entrusted with said vehicle which obstructed the view of Plaintiff.

As a direct and proximate result of the negligence, obstructions, dangerous conditions by Defendants, and by Defendant Danny Miller, who was acting individually and as an agent, representative, or employee of each of the Valero Companies, Rizza Fetty received near fatal injuries.

The acts as aforementioned on the part of the Defendants and also constitute [sic] negligence, gross negligence and/or negligence per se proximately causing Rizza Fetty's injuries and damages.

Thus, Fetty alleged that (1) Miller was negligent by breaching a common law or statutory duty; and (2) Valero was either vicariously liable for Miller's negligence or was itself negligent for entrusting Miller with its vehicle.

Miller and Valero filed a motion for summary judgment asserting five grounds for judgment as a matter of law: (1) no negligence per se because Miller's Valero-owned truck was not parked in violation of the ordinance; (2) no negligence because neither Miller nor Valero owed Fetty a duty; (3) no negligent entrustment because Miller was not an unlicensed, incompetent, or reckless driver; (4) no vicarious liability because Miller was not in the course and scope of his employment with Valero at the time of the accident; and (5) no vicarious liability by the Valero corporations because only Valero Transmission Company owned the truck. The trial court granted the motion without specifying grounds.

■ The appellees correctly observe that when a trial court's order does not specify the grounds for the ruling, the summary judgment may be affirmed on any meritorious theory advanced in the motion. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). Thus, the party seeking to overturn a summary judgment based on several grounds must assign error to each ground or the summary judgment will stand on any omitted ground. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). These general rules, however, apply only to grounds associated with a single cause of action. If grounds associated with alternative causes of action are not challenged, those theories of recovery are abandoned and the remaining causes of action may be challenged by assigned error. *Wofford v. Blomquist,* 865 S.W.2d 612, 613 n. 1 (Tex.App.—Corpus Christi 1993, writ denied) (citing *Malooly,* 461 S.W.2d at 121).

Fetty did not attack the summary judgment by a global point of error. She challenged the grant of summary judgment on her negligence and negligence per se theories, but she did not specifically attack the grant of summary judgment on the negligent entrustment and vicarious liability theories. Therefore, Fetty abandoned these causes of action, and we affirm the summary judgment granted in favor of the Valero appellees on the negligent entrustment and vicarious liability theories. We next review the grant of summary judgment for Miller on the bases of negligence and negligence per se.

## Standard of Review

■ A defendant is entitled to judgment when the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact about one or more essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); TEX. R.CIV.P. 166a(c). Once the defendant negates an essential element of the plaintiff's claim, the plaintiff must present issues precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Garcia v. John Hancock Variable Life Ins. Co.,* 859 S.W.2d 427, 430 (Tex.App.—San Antonio 1993, writ denied).

■ The essential elements in a negligence case include: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990);

*Missouri Pac. R.R. v. Buenrostro,* 853 S.W.2d 66, 77–78 (Tex.App.—San Antonio 1993, writ denied). The threshold inquiry, raised by Miller, is whether the defendant owed a duty to the plaintiff. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). The existence of a duty is a question of law the court must decide based on the specific facts of the case. *Mitchell v. Missouri–Kansas–Texas R.R.,* 786 S.W.2d 659, 662 (Tex.), *cert. denied,* 498 U.S. 896, 111 S.Ct. 247, 112 L.Ed.2d 205 (1990); *Kendrick v. Allright Parking,* 846 S.W.2d 453, 458 (Tex. App.—San Antonio 1992, writ denied).

■ In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference is indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

### Source of Miller's Duty

In her first and third points of error, Fetty contends the trial court erred in granting Miller summary judgment because there are genuine issues of material fact regarding his duty to her. Miller maintains that he has no duty to Fetty.

### 1. Statutory Authority

Fetty maintains that Miller violated a city ordinance, which Miller denies. Alternatively, Miller argues that, if he did violate the city ordinance, there is no negligence *per se* because Fetty was not a member of the class protected by the ordinance.

#### a. The Ordinance

A Premont city ordinance, entitled "Placing and Maintaining in Sidewalk Area so as to Prohibit Free Passage," provides:

> It shall be unlawful for any person to place, maintain or permit, or cause to be place, or maintained, any tree, plant, object or vehicle on or in the area *between the property line of any lot and the curbline of any street* abutting such property line in

such a way as to obstruct the free passage on and use of that area by the public.

(Emphasis added). Appellant's counsel conceded during argument that another ordinance concerning visual obstructions was inapplicable because the alleged obstructions on Miller's property were not within the scope of the ordinance; i.e., on a corner lot twenty-five feet from the intersection.

#### b. The Evidence

■ The summary judgment evidence is uncontradicted that: (1) Miller parked his vehicle within his property line and not between his property line and the curb; (2) there was no sidewalk; and (3) the property has no curbline separate from the property line. Miller's unchallenged affidavit states, in pertinent part:

> [T]he Ram Charger made the basis of this lawsuit was parked completely *within the boundaries of my private property.* No portion of the Ram Charger was on [the property at the corner of the intersection] and no portion of the vehicle extended over my property line onto the right of way or paved portion of Tenth Street.

(Emphasis added). Because Miller's truck was not parked in the area prohibited by the ordinance, we conclude that he did not violate the ordinance.

#### c. The Protected Class

■ Even if Miller had violated the ordinance, we agree that such a violation would not constitute negligence per se. Unexcused violation of a statute is negligence as a matter of law only if the injured party is a member of the class protected by the statute. *Nixon,* 690 S.W.2d at 549; *see also Peek v. Oshman's Sporting Goods, Inc.,* 768 S.W.2d 841, 845 (Tex.App.—San Antonio 1989, writ denied). As a driver on the roadway, Fetty is not a member of the class of people ordinarily using sidewalks. Additionally, the harm suffered by the injured party must be of the kind the statute was intended to prevent. *Boyd v. Fuel Distributors, Inc.,* 795 S.W.2d 266, 274 (Tex.App.—Austin 1990, writ denied); W. PAGE KEETON ET AL., PROSSER & KEETON ON THE LAW OF TORTS § 36, at 225 (5th ed. 1984). The ordinance here was de-

signed to prevent the blockage of sidewalks, not to prevent automobile accidents.

Fetty relies on *Nixon*, 690 S.W.2d at 546, for her contention that the court erred in not recognizing that she raised a material fact issue. In *Nixon*, a child was sexually assaulted in a vacant apartment that had not been secured as required by a city ordinance. 690 S.W.2d at 547–48. The Supreme Court observed that the ordinance was designed to deter this type of criminal activity. *Id.* at 549. In finding that a genuine issue of material fact existed, the *Nixon* court discussed not only the ordinance's purpose but also the offending party's knowledge of prior criminal activity. *Id.* at 549–50. Similar evidence is not present in this case. We find *Nixon* inapplicable.

### d. Summary

We find that the summary judgment evidence conclusively establishes that the ordinance does not apply to Miller. Thus, we conclude the trial court did not err in granting summary judgment on Fetty's claim of negligence per se.

## 2. Common Law Authority

Fetty argues that Miller has a duty to exercise reasonable care in parking his vehicle. Miller maintains that he does not owe Fetty a duty because parking his truck on his property did not create a foreseeable hazard.

### a. Test to Establish Duty

■ To determine whether a common law duty exists, courts apply a risk-utility balancing test. *Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 234 (Tex.App.—Dallas 1993, writ denied). The court must consider several factors, including risk, foreseeability, and likelihood of injury weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against the injury and consequences of placing that burden on the defendant. *Phillips*, 801 S.W.2d at 525. Foreseeability is the most significant of these factors. *Id.; Mitchell*, 786 S.W.2d at 662.

■ The test for foreseeability is what one should, under the circumstances, reasonably anticipate as the consequences of one's conduct. *Way*, 856 S.W.2d at 234; *McCullough v. Amstar Corp.*, 833 S.W.2d 312, 315 (Tex.App.—Amarillo 1992, no writ). Foreseeability does not require that a person anticipate the precise manner of injury. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992).

### b. Foreseeability as an Element of a Landowner's Duty

Fetty cites *Hamric v. Kansas City S. Ry.*, 718 S.W.2d 916, 918 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.), for her contention that the owner or occupant of premises abutting a highway, road, or street must exercise reasonable care not to jeopardize or endanger the safety of persons lawfully using the highway, road, or street. In *Hamric*, tall weeds obstructed the vision of two motorists who collided at a highway intersection. *Id.* The court found the private landowners liable as well as the State, which had a statutory duty to maintain the highway. *Id.* at 918–19.

■ Although *Hamric* does not use the word "foreseeability," we conclude that the landowner's knowledge or anticipation of danger is necessary to establish the landowner's duty to the injured party. Similarly, in *Skelly Oil Co. v. Johnston*, 151 S.W.2d 863, 867 (Tex.Civ.App.—Amarillo 1941, writ ref'd), the owner of a cooling tower was liable for a car accident resulting from water spilled onto the roadway. The evidence demonstrated that the dangerous condition existed for several years and that the injured party was aware of it. *Id.* at 864. In *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981), the owner of a building was held liable when a motorist was injured by a falling wall. The evidence showed that the building owner knew about the wall's deteriorating condition but took no action to protect pedestrians and motorists. *Id.*

Both *Kraus* and *Hamric* quote the Restatement (Second) of Torts, which specifically refers to foreseeability:

A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that *he realized or should realize* that

it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who

(a) are traveling on the highway, or

(b) foreseeably deviate from it in the ordinary course of travel.

RESTATEMENT (SECOND) OF TORTS § 368 (1965) (emphasis added).

### c. The Evidence

 Miller's summary judgment evidence shows that he lived in the second property from the intersection for nine years and parked his employer's vehicle in front of the home on a regular basis. During that time, no one, including Fetty, complained about the truck's location. Miller stated that he was not aware of any accident at the intersection and had no reason to anticipate one.

Examining this record by indulging all reasonable inferences in favor of Fetty, we cannot deduce a reasonable inference to support a claim of duty. Fetty argues that a jury should determine the duty issue because she contends there is some unsureness about how the Valero truck was parked. She has failed to offer summary judgment evidence on this point, to point out in her brief how this "factual issue" has been raised, or to identify the summary judgment evidence that refutes Miller's affidavit.

### d. Summary

We conclude that the summary judgment evidence establishes that Miller could not reasonably foresee that his truck would create a hazardous condition. We therefore find that Miller did not owe Fetty a duty, and the trial court did not err in granting summary judgment on that basis.

We overrule Fetty's first and third points of error.

### Causation

In their summary judgment motion, the appellees challenged only the element of duty. In her second point of error, Fetty assigns error to the element of causation.

We may not reverse a summary judgment on grounds not presented in the motion. *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 210 (Tex.1990).

Accordingly, we overrule Fetty's second point of error.

### Conclusion

We find that as a matter of law this private property owner owed no duty under common law or under any city ordinance to a passing motorist for a visual obstruction on his private property. We affirm the summary judgment granted in favor of all appellees.

CHAPA, C.J., concurs with results.