Opinion issued March 29, 2007

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00212-CV






CHRISTINA HERRINGTON, INDIVIDUALLY AND AS NEXT OF
FRIEND OF CHARLES ALLEN HERRINGTON, APPELLANT


v.


MICHAEL COTE AND CAROLEE COTE, APPELLEES





On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2000-33743-A








MEMORANDUM OPINION


 Appellant, Christina Herrington, individually and as next friend of Charles
Allen Herrington, appeals from a take-nothing summary judgment, rendered in favor
of appellees, Michael and Carolee Cote, disposing of Herrington's premises liability
suit. We determine whether the trial court erred in (1) denying Herrington's
objections both to the Cotes' reply to her summary judgment response and their
objections to Herrington's summary judgment evidence as untimely, (2) denying
Herrington's objections to the Cotes' summary judgment evidence as self-serving, (3)
granting the Cotes' motion for summary judgment on traditional and no-evidence
grounds, and (4) denying Herrington's motion for rehearing or motion for new trial. 
We also determine whether Herrington preserved her challenge that the Cotes'
summary judgment evidence was contradictory and controverted. We affirm. 

Background 

 On July 2, 1999, Charles Allen Herrington, a minor child, was riding his
bicycle on the Cotes' property. As Charles rode his bicycle out of the Cotes'
driveway and into the street, he collided with the side of a car driven by Jennifer
Morgan. Charles sustained severe injuries. Herrington, Charles's mother, as next
friend of Charles, brought a premises liability action sounding in negligence against
the Cotes for Charles's injuries, claiming that shrubs planted along the Cotes'
driveway from the garage to the edge of the street created a dangerous condition that
obstructed Charles's ability to see oncoming traffic, which was a direct and proximate
cause of his injuries. (1)

 On July 11, 2002, the Cotes filed a motion for summary judgment, on both
traditional and no-evidence grounds, claiming that they owed no duty to Charles and
there was no evidence that they (1) owed a duty to Charles, (2) breached such a duty,
or (3) proximately caused Charles's injuries. On August 21, 2002, Herrington
objected to the Cotes' affidavits as self-serving and asked that they be struck as
summary judgment proof. On August 22, 2002, Herrington responded to the Cotes'
motion for summary judgment. On August 30, 2002, the Cotes countered with their
own objections to evidence supporting Herrington's summary judgment response,
requesting that the affidavits of Virginia and Suzanne Elkins, the Cotes' next door
neighbors, be struck and arguing that, if they were not struck, the affidavits should
be held insufficient as a matter of law. 

 A hearing on the Cotes' motion for summary judgment was held at 8:00 a.m.
on September 3, 2002. Later that same day, at 4:30 p.m., the Cotes served their reply
to Herrington's summary judgment response by fax. On September 6, 2002,
Herrington filed an objection to the Cotes' reply and to the untimely filing of the
Cotes' summary judgment evidence. On September 11, 2002, the trial court granted
summary judgment in favor of the Cotes. 

Timeliness of the Cotes' Reply and Objections

 In her first issue presented for review, Herrington contends that the trial court
should not have considered the Cotes' reply to her summary judgment response or
their objections to her summary judgment evidence because both were untimely filed
pursuant to rules 21, 21(a), and 166a of the Texas Rules of Civil Procedure. 
Herrington asserts that the Cotes should have filed their reply and objections at least
three days before the summary judgment hearing. Herrington contends that, because
she did not receive the Cotes' reply and objections until after the summary-judgment
hearing, the trial court should not have considered those items.

A. Reply 

 Rule 166a establishes the procedures for summary judgment proceedings. Rule
166a(c) sets a deadline of seven days prior to the summary judgment hearing as a time
limit for additional documents to be filed. Tex. R. Civ. P. 166a(c); Knapp v.
Eppright, 783 S.W.2d 293, 296 (Tex. App.--Houston [14th Dist.] 1989, no pet.). 
This seven-day limit applies only to the response of the non-movant to the summary
judgment motion. Knapp, 783 S.W.2d at 296. Rule 166a(c) does not impose a
deadline by which the reply of the moving party to the summary judgment response
must be filed. Id.; Shelton v. Sargent, 144 S.W.3d 113, 119 (Tex. App.--Fort Worth
2004, pet. denied). Here, the Cotes moved for summary judgment, and their reply to
Herrington's response to their motion for summary judgment is not governed by the
seven-day requirement of rule 166a(c). See Tex. R. Civ. P. 166a(c).

 Therefore, the trial court did not err in overruling Herrington's objection to the
Cotes' reply to Herrington's response to their motion for summary judgment.

B. Objections

 The timeliness of the Cotes' objections to Herrington's summary judgment
proof is governed by Texas Rule of Evidence 21, which provides, in relevant part:

Every . . . application for an order . . . shall be filed with the clerk of the
court in writing, shall state the grounds therefor, shall set forth the relief
or order sought, and at the same time a true copy shall be served on all
other parties, and shall be noted on the docket. An application to the
court for an order . . . shall be served upon all other parties not less than
three days before the time specified for the hearing unless otherwise
provided by these rules or shortened by the court.


Tex. R. Civ. P. 21.

 Herrington contends that she received the Cotes' objections to her summary
judgment evidence later the same day of the summary judgment hearing. The record,
however, reflects that the Cotes' objections were filed and delivered to Herrington on
August 30, 2002, four days before the hearing. As a result, the trial court did not err
in denying Herrington's objection to the Cotes' objections to her summary judgment
evidence on the basis of untimeliness. 

 We overrule Herrington's first issue.

Affidavits

 In her second issue, Herrington contends that the trial court erred in denying her
objections to the Cotes' affidavits because the affidavits constituted self-serving
testimony that was neither free from contradiction nor uncontroverted. 

A. Self-Serving

 The first prong of Herrington's argument is that the Cotes' affidavits were self-serving and thus should not have been considered as proper summary judgment
evidence. Herrington objected below that the Cotes' affidavits were self-serving, and
the trial court overruled Herrington's objections. However, the mere fact that
affidavits are self-serving does not necessarily make the evidence an improper basis
for summary judgment. Trico Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex.
1997). Summary judgment based on the uncontroverted affidavit of an interested
witness is proper if the evidence is clear, positive, direct, otherwise credible, free from
contradictions and inconsistencies, and could have been readily controverted. 
Republic Nat'l Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986); see Tex.
R. Civ. P. 166a(c). Because Herrington did not object below that the Cotes' affidavits
were controverted, unclear, not positive, indirect, otherwise incredible, or not capable
of being readily controverted, the ways in which a self-serving affidavit can be
attacked, the trial court correctly overruled Herrington's objection to their self-serving
nature. Accordingly, we overrule that portion of Herrington's argument on appeal that
was preserved by trial objection, i.e., her complaint that the Cotes' affidavits were self-serving.

B. Contradictory and Controverted

 In the second prong of her argument, and for the first time on appeal, Herrington
complains that the Cotes' affidavits were neither free from contradiction nor
uncontroverted. (2) Rule 166a(c) provides that "[i]ssues not expressly presented to the
trial court by written motion, answer or other response shall not be considered on
appeal as grounds for reversal." Tex. R. Civ. P 166a(c). Rule 166a(f) provides that
"[d]efects in the form of affidavits or attachments will not be grounds for reversal
unless specifically pointed out by objection by an opposing party with opportunity, but
refusal, to amend." Tex. R. Civ. P. 166a(f). An objection that an affidavit is
contradictory or constitutes controverted self-serving testimony is an objection to
form. See Choctaw Props., L.L.C. v. Aledo I.S.D., 127 S.W.3d 235, 241 (Tex.
App.--Waco 2003, no pet.) (holding that objection of interested witness that is not
clear, positive, direct, or free from contradiction is defect-in-form complaint). We
find no trial objection made below by Herrington to the affidavits as being
contradictory or controverted; therefore, Herrington waived this portion of her
complaint by not raising objections to these matters of form in a timely manner, as
required by the rules. Garcia v. John Hancock Variable Life Ins., 859 S.W.2d 427
(Tex. App.--San Antonio 1993, writ denied). 

 We overrule Herrington's second issue.


Summary Judgment


 In her third issue, Herrington contends that the trial court erred in granting the
Cotes' motion for summary judgment because an issue of material fact remains
regarding the duty owed by the Cotes to Charles. 

A. Standards of Review


 A summary judgment is reviewed de novo. FM Props. Operating Co. v. City
of Austin, 22 S.W.3d 868, 872 (Tex. 2000). A party filing a traditional motion for
summary judgment must prove that "there is no genuine issue as to any material fact
and the moving party is entitled to judgment as a matter of law on the issues expressly
set out in the motion." Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548 (Tex. 1985); Delta Air Lines, Inc. v. Norris, 949 S.W.2d 422, 425
(Tex. App.--Waco 1997, writ denied). Once the movant has established a right to
summary judgment, the non-movant has the burden to respond to the motion and to
present to the trial court any issues that would preclude summary judgment. City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v.
Hearst Corp., 927 S.W.2d 37, 64 (Tex. App.--Houston [1st Dist.] 1996, writ denied). 
When we review for whether a disputed material fact issue exists, we must accept as
true all evidence favorable to the non-movant. Nixon, 690 S.W.2d at 548-49. 

 When, as here, a motion is presented under rule 166a(i) asserting that there is
no evidence of one or more essential elements of the non-movant's claims upon which
the non-movant would have the burden of proof at trial, the movant does not bear the
burden of establishing each element of its own claim or defense. See Tex. R. Civ. P.
166a(i) & cmt. Rather, the movant must specifically state the elements as to which
there is no evidence. Id. The burden then shifts to the non-movant to bring forth more
than a scintilla of evidence that raises a fact issue on the challenged elements. Id. If
the non-movant is unable to provide sufficient evidence, the trial court must grant the
motion. See Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 433 (Tex.
App.--Houston [14th Dist.] 1999, no pet.). A "no-evidence" summary judgment is
essentially a pre-trial directed verdict, and we apply the same legal-sufficiency
standard in reviewing a no-evidence summary judgment as we apply in reviewing a
directed verdict. Zapata v. Children's Clinic, 997 S.W.2d 745, 747 (Tex.
App.--Corpus Christi 1999, pet. denied); Moore v. KMart Corp., 981 S.W.2d 266,
269 (Tex. App.--San Antonio 1998, pet. denied). As when reviewing a directed
verdict, the appellate court must determine whether the party with the burden of proof
at trial has produced any evidence of probative force to raise fact issues on the
material questions presented. Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.
App.--Austin 1998, no pet.). Therefore, as an appellate court, we must ascertain
whether the non-movant produced any evidence of probative force to raise a fact issue
on the material questions presented. Id. Every reasonable inference must be indulged
in favor of the non-movant, and any doubts must be resolved in its favor. Collora v.
Navarro, 574 S.W.2d 65, 68 (Tex. 1978). 

 A no-evidence summary judgment is improper if the respondent brings forth
more than a scintilla of probative evidence to raise a genuine issue of material fact. 
Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Zapata, 997
S.W.2d at 747. Less than a scintilla of evidence exists when the evidence is so weak
as to do no more than create a mere surmise or suspicion of a fact. Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). More than a scintilla of evidence
exists when the evidence rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions. Merrell, 953 S.W.2d at 711. 

 In reviewing a summary judgment under either standard, "all evidence is to be
construed in favor of the non-movant, to whom every reasonable inference is allowed
and on whose behalf all doubts are resolved." Alvarez v. Anesthesiology Assocs., 967
S.W.2d 871, 874 (Tex. App.--Corpus Christi 1998, no pet.). 

B. Duty 

 Herrington contends that the trial court erred in granting the Cotes' motion for
summary judgment because she raised an issue of material fact regarding the duty that
the Cotes owed to Charles. Herrington contends that Charles should have been
considered a licensee; thus, she asserts that the Cotes had a duty to warn of, or to make
safe, the dangerous condition that they were aware that they had created by planting
shrubs along their driveway. 

 In a premises liability case, the duty owed is determined by the status of the
complaining party at the time and place of the injury. Clayton W. Williams, Jr., Inc.
v. Olivo, 952 S.W.2d 523 (Tex. 1997); Graham v. Atlantic Richfield Co., 848 S.W.2d
747, 751 (Tex. App.--Corpus Christi 1993, writ denied). A licensee is a person who
is privileged to enter or to remain on land only by virtue of the possessor's consent,
thus entering with permission of the landowner, but doing so for his own convenience
or on business for someone other than the owner. Knorpp v. Hale, 981 S.W.2d 469,
471 (Tex. App.--Texarkana 1998, no pet.). The duty owed a licensee is not to injure
him willfully, wantonly, or through gross negligence and, in cases in which the owner
or occupier has actual knowledge of a dangerous condition unknown to the licensee,
to warn of or to make safe the dangerous condition. Lower Neches Valley Auth. v.
Murphy, 536 S.W.2d 561, 563 (Tex. 1976).

 Assuming, without deciding, that the Cotes did in fact confer licensee status on
Charles, they owed him a duty not to injure him willfully, wantonly, or with gross
negligence; also, if they had actual knowledge of a dangerous condition created, they
had a duty to warn him of the condition or to make the condition safe. See id. 
Because Herrington does not argue that the summary judgment evidence raised a
question of fact as to whether the Cotes acted willfully, wantonly, or with gross
negligence, we need not reach that issue. Moore v. Trevino, 94 S.W.3d 723, 728 (Tex.
App.--San Antonio 2002, pet. denied). Instead, we must determine whether
Herrington presented summary judgment proof sufficient to raise a fact issue as to
whether the Cotes knew of a dangerous condition, unknown to Charles, and failed to
warn him of it or to make the condition safe. 

 A dangerous condition is one that creates a substantial risk of injury when the
property is used with due care in a manner in which it is reasonably foreseeable that
it will be used. See Black's Law Dictionary 394 (6th ed.1990). For example, it is
generally foreseeable that a floor will be walked on, and, thus, a condition of the floor
that creates a substantial risk of injury to those walking in a careful manner on it is
foreseeable. Knorpp, 981 S.W.2d at 474. In the present case, however, Herrington
has not provided any evidence to show that it was reasonably foreseeable that the
Cotes' driveway would be used by a child riding a bicycle so that the shrubs on the
side of their driveway would become a dangerous condition. See id.

 The primary evidence upon which Herrington relies to create a fact issue is from
the affidavits of Virginia and Suzanne Elkins, next door neighbors of the Cotes. They
stated that children routinely rode their bicycles and skateboards in the Cotes'
driveway and that the shrubs would make it difficult to see a boy riding his bicycle
from the Cotes' driveway into the street. However, the Cotes objected to the Elkinses'
affidavits, and the trial court's order sustained the Cotes' objections, thereby rendering
the affidavits unavailable for summary judgment proof. Herrington does not complain
of this evidentiary ruling on appeal.

 Herrington also relies on her testimony that the Cotes had given Charles
permission to walk across their yard because of the absence of sidewalks, but this does
not supply any proof that the Cotes should have reasonably foreseen that Charles
would ride his bicycle in their driveway. Herrington further relies on Fetty v. Miller to support her contention that the
Cotes should have reasonably anticipated or foreseen that a child, such as Charles,
riding his bicycle in their driveway might not be able to see oncoming traffic. Id., 905
S.W.2d 296 (Tex. App.--San Antonio 1995, writ denied). In Fetty, a driver involved
in an accident at an intersection brought suit against a landowner who had two parked
vehicles on his front lawn, which the plaintiff claimed obstructed his view of
oncoming traffic at the intersection. Id. However, the court held that the landowner
could not have reasonably foreseen that his parked vehicles would create a hazardous
condition. Id. The court concluded that the harm was unforeseeable based on the fact
that the defendant had parked his vehicles in front of his home for nine years, during
which time no one had complained and no accidents had occurred. Id.

 As occurred in Fetty, Herrington has provided no evidence to raise a fact issue
that the Cotes knew or should have reasonably anticipated that their shrubs created a
dangerous condition or that the Cotes knew or should have reasonably anticipated that
a child such as Charles would be injured by that condition. 

 Finally, Herrington relies on Hamric v. Kansas City Southern Railroad and
section 369 of the Restatement (Second) of Torts to support the contention that the
Cotes should have known that planting the shrubs created an unreasonable risk of
danger because an owner or occupant of premises abutting a highway has a duty to
exercise reasonable care not to jeopardize or to endanger the safety of persons using
the highway as a means of passage or travel. See id., 718 S.W.2d 916, 917 (Tex.
App.--Beaumont 1986, write ref'd n.r.e.). Because Charles was not a traveler on the
highway, and because we have already concluded that the Cotes did not know or have
reason to know that the shrubs created a dangerous condition for a child riding a
bicycle on their driveway, we decline to apply this rationale. (3) 

 Herrington has failed to raise a fact issue regarding the Cotes' duty to Charles. 
Accordingly, we hold that the trial court did not err in rendering summary judgment
in favor of the Cotes. We overrule Herrington's third issue. Motion for Rehearing or New Trial

 In her fourth issue, Herrington contends that the trial court erred in denying her
motion for rehearing or new trial. Herrington merely reurges her arguments with
respect to her third issue. Because we have concluded that the trial court's summary
judgment was proper, we also hold that the court did not err in overruling Herrington's
motion for rehearing or new trial. 

 We overrule Herrington's fourth issue.

Conclusion

 We affirm the judgment of the trial court.



 


 Tim Taft

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

1. [1] Herrington also brought a negligence action against the driver of the vehicle
and a breach-of-contract claim against her own insurance company because it
had refused to pay on her claim, but these matters are not before us.
2. We note that this objection partially misstates the test for the invalidity of an
affidavit offered as summary judgment proof. The test is not whether the
affidavit was uncontroverted, but whether it is capable of being readily
controverted. The fact that the Cotes' affidavits were controverted by
Herrington's witnesses demonstrates that they were capable of being readily
controverted and, therefore, valid, rather than invalid, as Herrington asserts. 
3. Herrington also asks, this Court to apply sections 368 (4)
4. A possessor of land who creates or permits to remain thereon an
excavation or other artificial condition so near an existing highway
that he realizes or should realize that it involves an unreasonable risk
to others accidentally brought into contact with such condition while
traveling with reasonable care upon the highway, is subject to liability
for physical harm thereby caused to persons who

 (a) are traveling on the highway, or

 (b) foreseeably deviate from it in the ordinary course of travel. 
RESTATEMENT (SECOND) OF TORTS SECTION 368 (1965).



 
 
 
 
 
 
 §§