**CHEVRON, U.S.A., INC., Petitioner,**

v.

**Katherine SIMON, Respondent.**

No. D–0464.

Supreme Court of Texas.

June 12, 1991.

Rehearing Overruled Sept. 18, 1991.

District Court Number 172, Jefferson County; Thomas A. Thomas, Judge.

Richard L. Scheer, Mitchell A. Toups, Beaumont, for petitioner.

Glen W. Morgan, Alto W. Watson, III, Beaumont, for respondent.

PER CURIAM.

Katherine Simon was employed by Texas Industrial Maintenance Inc. ("TIM"), and she sued Chevron for personal injuries she sustained while working on Chevron's premises as a janitor. In the trial court Chevron moved for and was granted a severance and summary judgment, giving Chevron a credit against any subsequent recovery by Simon for workers' compensation benefits. This judgment limited Simon's recovery to that in excess of the insurance benefits, if any. TEX.REV.CIV. STAT. art. 8307 § 6a (Vernon 1990 Supp.) (repealed effective January 1, 1991). Chevron claimed the credit because in its contract with TIM, Chevron required a waiver of TIM's insurance carrier's subrogation rights in third-party negligence suits, and TIM's policy with its carrier, Texas Employers' Insurance Association ("TEIA"), reflected such waiver; however, no express assignment of the waiver was executed in favor of Chevron. Simon did not file a cross motion for summary judgment.

The court of appeals reversed the trial court's judgment and held Simon's recovery was not limited, and absent an assignment the court concluded she could keep the entire recovery. 795 S.W.2d 340. Although the only issue presented to it was whether the summary judgment in favor of Chevron was proper, the court of appeals rendered judgment for Simon. *Hall v. Mockingbird AMC/Jeep, Inc.,* 592 S.W.2d 913 (Tex.1979). This was error because no basis existed for rendition of judgment for Simon.

We note that the contracts in evidence requiring and effecting waiver of the insur-

**2.** This peremptory challenge in civil litigation was exercised pursuant to Texas Rules of Civil

Procedure 232 and 233.

ance carrier's subrogation rights are some evidence that Chevron was an intended beneficiary of the waiver. In order to appropriately determine its rights, Chevron's status must be resolved by the trial court.

Pursuant to Rule 170 Tex.R.App.P. a majority of this court without oral hearing grants the application and reverses judgment of the court of appeals. This cause is remanded to the trial court for further proceedings.