The HERALD–POST PUBLISHING COM-
PANY, INC. and Scripps Howard Com-
pany, Inc., Petitioners,

v.

Gary J. HILL, Respondent.

No. 94–0587.

Supreme Court of Texas.

Dec. 22, 1994.

Rehearing Overruled March 2, 1995.

Bruce W. Sanford, Dennis F. Hernandez, Washington, DC, Bryan H. Hall, El Paso, for petitioners.

Michael R. "Mick" Milligan, Thomas E. Stanton, El Paso, for respondent.

PER CURIAM.

Arvel Ponton, III, an attorney, was employed by Jose Ruiz Contreras to represent him in a federal drug smuggling case. During pretrial discovery in the criminal proceeding, Ponton filed a discovery motion and brief alleging, among other things, that Gary Hill and others were "paid confidential informants for the Drug Enforcement Administration [DEA]." A reporter for the El Paso Herald–Post, a daily newspaper published by the Herald–Post Publishing Co., Inc. and owned by Scripps Howard Co., Inc. (collectively "Herald–Post"), learned of the allegations and obtained copies of the motion and brief. The paper published a number of articles about the case including an August 13, 1987 article stating that a witness, Barbara Tovar, testified during the trial of Jose Contreras that Hill and his investigator threatened her.

Hill sued Ponton and the Herald–Post for defamation. Ponton and the Herald–Post filed motions for summary judgment on the grounds of privilege under the First Amendment and section 73.002 of the Texas Civil Practice and Remedies Code. Hill only opposed the Herald–Post's motion and did not file a cross-motion for summary judgment. The trial court granted summary judgment for Ponton and the Herald–Post. The court of appeals affirmed the summary judgment concerning all defamation causes of action asserted against Ponton and the Herald–

Post, except the cause of action against the Herald–Post based upon the article stating that Hill threatened a witness. 877 S.W.2d 774. On that issue, the court of appeals reversed the summary judgment, rendered judgment on liability against the Herald–Post, and remanded for trial on the issue of damages.

The Herald–Post argues that its article stating that Barbara Tovar testified during trial that Hill and his investigator threatened her was "a fair, true, and impartial account of ... [the] judicial proceeding ..." and privileged under section 73.002 of the Texas Civil Practice and Remedies Code as a matter of law. We agree.

■ During the Contreras trial, Ms. Tovar testified that in July 1987, she had a meeting with Hill and his investigator, Ivan Enriquez, to discuss an affidavit she signed concerning her anticipated testimony. She met with Hill and Enriquez in Hill's office and they reviewed her affidavit and told her what the truth really was. Ms. Tovar further testified in pertinent part as follows:

Q: Did you have another meeting with Ivan Enriquez and Gary Hill?

A: Just with Ivan. I didn't see Gary Hill any more.

Q: Okay. And at that meeting—Where did that meeting take place?

A: In Ivan's office, at Gary Hill's offices.

Q: Who was present at that meeting?

A: Just Ivan and myself.

＊　　＊　　＊　　＊　　＊　　＊

Q: After that meeting between you and Ivan Enriquez at Gary Hill's law office, did I not communicate with you by telephone?

A: Yes, sir; you did.

Q: And what was it that you told me over the telephone in that conversation?

A: That they were going to implicate my husband on another drug deal. And I gave you a lineup of the way it was told to me that it had gone down.

Q: Did you tell me that you were now not wanting to come in and testify in this case?

A: Yes, sir; I did.

Q: And did you tell me that—Tell me why you told me that. Was it because of this meeting you had with Ivan Enriquez?

A: Yes, sir.

On August 13, 1987, the Herald–Post published an article entitled, "Witness Says She Was Threatened Over Testimony," that recounted the testimony of Ms. Tovar during the Contreras trial. The article stated:

The trial of a former police officer accused of narcotics smuggling continued in federal court today.

Defense witness Barbara Tovar whose husband has been convicted on cocaine smuggling charges, testified that a lawyer and his investigator implied threats if she testified in the trial of Jose Contreras, 44.

Tovar said after she gave Contreras's attorney, Rod Ponton, a signed affidavit, lawyer Gary Hill and investigator Ivan Enriquez told her if she testified in the trial other persons "would say certain things concerning criminal accusations."

She said Ponton told her if she signed the affidavit he might be able to help her stepson currently serving prison time.

The privilege under section 73.002 applies to "a fair, true, and impartial account of ... a judicial proceeding...." Tex.Civ.Prac. & Rem.Code § 73.002. Ms. Tovar's testimony that "they" were going to implicate her husband suggests that Hill was a participant, at least indirectly, in the threat even though he was not physically present when the threat was made. Based upon the circumstances in which the threat was communicated, Ms. Tovar's testimony that the person who made the threat worked as an investigator for Hill, that the threat was communicated in Hill's office, and that Hill had personally met with Ms. Tovar on a prior occasion in a coercive environment, we conclude that the Herald–Post's August 13, 1987 article was "a fair, true, and impartial account of ... [the] judicial proceeding ..." and is privileged under section 73.002 as a matter of law.

■ In addition, the court of appeals erred when it rendered judgment on liability against the Herald–Post concerning the Au-

gust 13, 1987 article that Hill threatened Ms. Tovar. "A summary judgment was granted and the adverse party did not also seek a summary judgment. In this situation where upon appeal it is determined that the summary judgment was improperly granted, the appeal does not afford a basis for rendering a judgment for the non-moving party." *CRA, Inc. v. Bullock,* 615 S.W.2d 175, 176 (Tex. 1981). *See Chevron, U.S.A., Inc. v. Simon,* 813 S.W.2d 491 (Tex.1991); *Hall v. Mockingbird AMC/Jeep, Inc.,* 592 S.W.2d 913, 914 (Tex.1979). Since Hill did not file a cross-motion for summary judgment, the court of appeals erred when it rendered judgment on liability against the Herald–Post concerning the article stating that Hill threatened Ms. Tovar.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the application for writ of error of the Herald–Post and, without hearing oral argument, reverses that portion of the court of appeals' judgment concerning the cause of action against the Herald–Post based upon the article stating that Hill threatened Ms. Tovar, renders judgment that Hill take nothing concerning that cause of action, and affirms the remainder of the court of appeals' judgment.