Opinion issued
May 27, 2010

 

 

 

 








 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



NO. 01-07-00999-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



EL PASO FIELD SERVICES
MANAGEMENT, INC., Appellant

 

V.

 

ERNESTO LOPEZ AND GEORGIA
LOPEZ, Appellees

 

and

 

ERNESTO LOPEZ AND GEORGIA
LOPEZ, Appellants

 

V.

 








 EL PASO FIELD SERVICES MANAGEMENT, INC.,
Appellee

 

 

 

 



O­­n Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No.
2002-43093

 

 

 



MEMORANDUM
OPINION

          Ernesto and Georgia Lopez sued El Paso
Field Services Management, Inc. for personal injuries arising from a
work-related incident.  The jury
apportioned negligence at 80% for El Paso and 20% for Mr. Lopez. After reducing
the damages by Mr. Lopez’s percentage of negligence, the trial court rendered
judgment on the verdict.  El Paso brings
three issues on appeal: (1) the legal and factual sufficiency of the evidence
supporting the jury’s finding that Mr. Lopez was not a “borrowed employee” of
El Paso; (2) the legal and factual sufficiency of the proximate cause evidence
as to El Paso’s negligence; and (3) double recovery.  Mr. and Mrs. Lopez bring a single point of
error: the sufficiency of the evidence in support of the jury’s finding Lopez
as 20% negligent.  We affirm.




Background

          At the time of his injury, Mr. Lopez,
an employee of Texas Pipe Fabricators working at a facility owned by El Paso,[1]
was assisting in the cleanup of sludge left over from cleaning (“pigging”) a
pipeline.  As the sludge was being pumped
out of a sump tank through a three-inch pipe into a separate “frak tank,” the
pipe clogged and an El Paso worker turned a valve to increase pressure in the
line in order to dislodge the clog.  The
pipe suddenly “jumped,” striking Mr. Lopez and crushing his foot between the
sump tank and the pipe.  Mr. Lopez
suffered severe injuries to his foot requiring several surgeries and
hospitalization for several weeks and leaving him unable to walk without a
cane.

          Mr. Lopez filed a claim with his
employer’s workers’ compensation carrier and, outside the presence of the jury,
the trial court received evidence of his recovery.




El Paso’s
Appeal

          El Paso challenges the legal and
factual sufficiency of the jury findings regarding the (1) “borrowed employee”
question and (2) proximate cause.  El
Paso further asserts that it is entitled to a credit for the workers’
compensation benefits received by Lopez.

A.      Factual and Legal Sufficiency

          1.       Standard
of Review

          Our review of the legal sufficiency of
the evidence must consider the evidence in the light most favorable to the
fact-finder’s decision and indulge every reasonable inference in support of
that decision. City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex.
2005).  If the party attacking the legal
sufficiency had the burden of proof on that issue, it must demonstrate that the
evidence establishes all vital facts in support of that issue as a matter of
law.  Dow Chem. Co. v. Francis, 46
S.W.3d 237, 241 (Tex. 2001). As the reviewing court, we need first search the
record for evidence that supports the finding and disregard all evidence to the
contrary.  Id.  Absent evidence supportive of the finding, we
then examine the entire record to determine if the contrary proposition was
established as a matter of law and, if established conclusively, the issue must
be sustained.  Id. at 241–42.

          A claim of factual insufficiency as to
those findings for which the appellant had the burden of proof must demonstrate
the finding to be against the great weight and preponderance of the
evidence.  Id. at 242.  If the reviewing court finds the evidence to
be so weak, or against the great weight and preponderance of the evidence as to
be clearly wrong and unjust, we must set aside a verdict.  Id.

          Absent an objection to a jury
instruction by either party, our sufficiency review is conducted in light of
the instruction as given, even if the statement of the law therein is
incorrect, and even if the charge as given results in a “more rigorous standard”
of proof or effectively increases a party’s burden of proof beyond that
actually required by the law.  See Romero
v. KPH Consolidation, Inc., 166 S.W.3d 212, 220–21 (Tex. 2005); Wal-Mart
Stores, Inc. v. Sturges, 52 S.W.3d 711, 715 (Tex. 2001); City of Fort
Worth v. Zimlich, 29 S.W.3d 62, 71 (Tex. 2000); IP Petroleum Co., Inc.
v. Wevanco Energy, L.L.C., 116 S.W.3d 888, 897, n.8  (Tex. App.—Houston [1st Dist.] 2003, pet.
denied).

2.       Borrowed Employee Question

          El Paso challenges both the legal and factual
sufficiency of the jury’s answer to the following:




QUESTION 1

 

On the occasion in question
was Ernesto Lopez acting as a borrowed employee of El Paso Field Services
Management, Inc.?

 

One who would otherwise be
in the general employment of one employer is a “borrowed employee” of another
employer if such other employer or his agents have the right to direct and
control the details of the particular work inquired about.

 

A person is not acting as an
employee if he is acting as an “independent contractor.”  An independent contractor is a person who, in
the pursuit of an independent business, undertakes to do specific work for
another person, using his own means and methods, without submitting himself to
the control of such other person with respect to the details of the work, and
who represents the will of such other person only as to the result of his work
and not as to the means by which it is accomplished.

 

A written contract expressly
excluding any right of control over the details of the work is not conclusive
if it was a subterfuge from the beginning or was persistently ignored or was
modified by subsequent express or implied agreement of the parties; otherwise
such a written contract is conclusive.

 

          Answer: “Yes” or No”

 

          Answer:     NO    


          El Paso claims that the evidence
establishes as a matter of law (legal sufficiency) that Mr. Lopez was El Paso’s
“borrowed employee.”  If true, Mr.
Lopez’s recovery in this suit would be barred.[2]  Alternatively, El Paso contends that the
jury’s finding is against the great weight and preponderance of the evidence (factual
sufficiency) and seeks our reversal and remand.

          The contract between El Paso and Texas
Pipe Fabricators, Lopez’s employer, provides in pertinent part:

Independent Contractor In the performance of work, Contractor shall at all times be an
independent contractor, and the relationship of the parties hereunder shall in
no event be construed as constituting any other relationship. The detailed
manner, means, and method of performing the work are under the sole control of
the Contractor, Company being interested only in the results of the work and
Contractor complying with this Agreement.

 

          Under the charge submitted to the jury
without objection, this written contract is conclusive unless the contract “was
a subterfuge from the beginning or was persistently ignored or was modified by
subsequent express or implied agreement of the parties.”  See Romero, 166 S.W.3d at 221
(“The sufficiency of the evidence must be measured by the jury charge when, as
here, there has been no objection to it.”).

          In its appellate brief, El Paso states,
“Because the parties’ conduct [exercising actual control over Lopez as if he
were an employee] essentially modified the terms of the contract, that document
is not dispositive of Lopez’s employment status.”  The Texas Supreme Court has long cautioned
against nullifying such contractual provisions:

From these authorities we
take it that the terms of the agreement between the parties is of importance in
determining the existence of a master-servant relationship and that the
essential inquiry is whether or not the employer has the contract right to
control the opposite contracting party in the details of the work to be
performed.

 

In the absence of evidence
showing a different relationship between the parties, the fact that the alleged
servant was performing services peculiar to the principal’s business or affairs
establishes prima facie that the relationship of master and servant exists
between them.  When, however, the
parties, as in this case, have entered into a definite contract that expressly
provides for an independent contract relationship and does not vest in the principal
or the employer the right to control the details of the work, evidence outside
the contract must be produced to show that despite the terms of the primary
contract the true operating agreement was one which vested the right of control
in the alleged master.  Under such
circumstances, the exercise of control is evidentiary only.  The true test remains the right of
control.  The exercise of control in
cases such as this is not an ultimate test of the master and servant
relationship.  To hold that it was, would
be to practically destroy contract rights and relationships based thereon.  The assumption of an exercise of control must
be so persistent and the acquiescence therein so pronounced as to raise an
inference that at the time of the act or omission giving rise to liability, the
parties by implied consent and acquiescence had agreed that the principal might
have the right to control the details of the work.

 

Newspapers,
Inc. v. Love, 380 S.W.2d 582, 591–92 (Tex. 1964) (citations omitted).

          El Paso points to no evidence in the
record to establish that the contract “was a subterfuge from the
beginning.”  Nor does it point to any
evidence in the record establishing that Mr. Lopez’s employer, Texas
Pipe Fabricators, the party to the contract, “persistently ignored” the
contract or “modified [the contract] by subsequent express or implied agreement
of the parties.”  Rather, El Paso only
points to evidence of what Mr. Lopez, a nonparty to the contract, did.[3]  Finally, El Paso does not cite to any cases
factually similar to this appeal, in which the alleged borrowed servant is not
one of the contracting parties 

          El Paso argues that because the
contract described the work Texas Pipe Fabricators agreed to do as “fabrication
work,” then the contract constitutes “no evidence” if Mr. Lopez was performing
work other than “fabrication work.”[4]  This argument, however, is contrary to the
actual language of question 1, which dictates that the contract is conclusive
unless “it was a subterfuge from the beginning or was persistently ignored or
was modified by subsequent express or implied agreement of the parties.”  Any defect in the submission of this question
has been waived, and we must measure the sufficiency of the evidence in light
of this charge.  See Romero,
166 S.W.3d at 221. 

          We hold that El Paso has not
established as a matter of law that the contract 

between El
Paso and Texas Pipe Fabricators “was a subterfuge from the beginning or was
persistently ignored or was modified by subsequent express or implied agreement
of the parties.”  (Emphasis
added).  See Zimlich, 29
S.W.3d at 71 (reviewing sufficiency under specific language of charge given to
jury); Ancira Enterprises, Inc. v. Fischer, 178 S.W.3d 82, 93 (Tex.
App.—Austin 2005, no pet.) (same).  We
also hold that El Paso has not established that the jury’s finding that the
contract was not “a subterfuge from the beginning or was persistently ignored
or was modified by subsequent express or implied agreement of the parties” is
so weak or so against the great weight and preponderance of the evidence as to
be clearly wrong and unjust. 
Accordingly, we overrule issue one.

          




3.       Proximate Cause

          In its second issue, El Paso argues
there is no evidence, or in the alternative, factually insufficient evidence,
of proximate cause.[5] El Paso contends there is
insufficient evidence of both elements of proximate cause, cause-in-fact and
foreseeability, as that term was defined in the charge:

“Proximate Cause” means that
cause which, in a natural and continuous sequence, produces an event, and
without which cause such event would not have occurred.  In order to be a proximate cause, the act or
omission complained of must be such that a person using ordinary care would
have foreseen that the event, or some similar event, might reasonably result
therefrom.  There may be more than one
proximate cause of an event.

 

          In its appellate brief, El Paso
acknowledges two causation arguments made by the Lopezes related to the
movement of the pipe causing the injury to Lopez’s foot.  The first argument is that the pipe “jumped”
and crushed Mr. Lopez’s foot because an El Paso employee improperly opened a
pressure valve.  The second argument is
that the pipe “vibrated excessively” and struck Lopez’s foot because of the
“manner in which [the] pipeline was secured.” El Paso argues that expert
testimony was required regarding these arguments, and therefore the testimony
that does exist amounts to no evidence.  See
Tex. R. Evid. 702 (testimony by
experts). 

          El Paso’s own expert testified that if
a line which was not pressurized were to suddenly become fully pressurized,
then the momentum from that sudden change in gas pressure “would make the pipe
move in some fashion. . . . You wouldn’t want to do that. . . .  It is a danger.”  This expert testimony, explaining that the
sudden pressurization of the pipe would cause it to move dangerously, coupled
with the evidence at trial that the pipe, which was designed for minimal
pressure, was highly pressured at the time of Lopez’s injury, and was not anchored
in accordance with El Paso’s safety manual—suddenly “jumped” when the valve was
thrown open, meets the definition of proximate cause in the jury charge, which
required evidence that the cause “in a natural and continuous sequence,
produces an event.”  See Havner v. E-Z
Mart Stores, Inc., 825 S.W.2d 456, 458–59 (Tex. 1992) (holding that cause
in fact means that “an act or omission was a substantial factor in bring about
the injury and without which no harm would have occurred” and that causation
may be supported by circumstantial evidence and inferences therefrom).  Furthermore, although the exact event was
not foreseen, the charge does not so require; instead what is required is
foreseeability of some “similar event.”  See
Brown v. Edwards Transfer Co., 764 S.W.2d 220, 223 (Tex. 1988)
(“[F]oreseeability does not require that actor foresee the particular accident
or injury which in fact occurs . . . . [or] anticipate just how the injury will
grow out of a particular dangerous situation.”).  Accordingly, we hold that there is some
evidence to support the jury’s finding of causation under legal-sufficiency
review.  See Havner, 825 S.W.2d at
458–59; Brown, 764 S.W.2d at 223. 
Although El Paso’s expert testified that the manner in which the valve
was opened did not cause the pipe to “jump,” it was within the purview of the
jury to disbelieve this portion of the expert’s opinion.  See Ulogo v. Villanueva, 177
S.W.3d 496, 499 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (op. on reh’g)
(noting that appellate court must defer to jury determinations of credibility
in factual sufficiency review and that “[t]he jury is free to believe or
disbelieve a witness’s testimony in whole or in part”) (citing Miller v.
Kendall, 804 S.W.2d 933, 939 (Tex. App.—Houston [1st Dist.] 1990, no writ)).
 Considering all the evidence in the
record, we also hold that the jury’s finding is not so against the great weight
and preponderance of the evidence as to be clearly wrong and unjust.  See id.  Accordingly, we overrule issue two.




B.      Credit for Workers’ Compensation Benefits

          El Paso’s third issue maintains that
it is entitled to a credit for the workers’ compensation benefits Mr. Lopez
received, notwithstanding the collateral-source rule.  That rule prohibits a wrongdoer from having
the benefit of insurance independently procured by the injured party, and to
which the wrongdoer was not a party.  See
Brown v. Am. Transfer & Storage Co., 601 S.W.2d 931, 934 (Tex. 1980).
 This Court has acknowledged that the
collateral-source rule applies to workers’ compensation when the injured worker
sues the tortfeasor.  Lee-Wright, Inc.
v. Hall, 840 S.W.2d 572, 582 (Tex. App.—Houston [1st Dist.] 1992, no writ).     

          El Paso cites to a case in which a
company required a contractor to have its workers’ compensation carrier waive
any subrogation right and assign that subrogation right to the company.  See Chevron, U.S.A., Inc. v. Simon,
813 S.W.2d 491 (Tex. 1991).  No evidence
was admitted during trial in this case, however, to suggest that Texas Pipe
Fabricators’ workers’ compensation carrier has waived its subrogation right and
assigned it to El Paso.[6]

          El Paso has neither cited any
controlling authority for the proposition that the collateral-source rule is
inapplicable here nor made a compelling argument for why this Court should
alter the rule.  We decline to do so and
overrule issue three.

The
Lopezes’ Appeal

          The Lopezes bring a single point of
error as appellants—that there is no evidence that Mr. Lopez was 20%
negligent.  In reviewing this point, we must
consider the evidence in the light most favorable to fact-finder’s decision and
indulge every reasonable inference that would support it.  City of Keller, 168 S.W.3d at 822.

          El Paso points out, and we agree,
there is evidence that Mr. Lopez was standing in a “pinch point” at the time of
the accident and that Mr. Lopez had been trained not to position himself in
“pinch points.”  Following the City of
Keller test, we hold there is legally sufficient evidence to support the
jury’s verdict.

          Accordingly, we overrule the Lopezes’
single point of error.

Conclusion

          We affirm the district court’s
judgment.

 

 

 

                                                          Jim Sharp

                                                          Justice

 

Panel
consists of Justices Alcala, Sharp, and Taft.[7]











[1]         El Paso’s predecessor-in-interest, PG&E Texas Pipeline,
actually owned the facility but, for simplicity, all references will be to El
Paso.  Mr. Lopez’s brother, Pedro Lopez,
also worked for Texas Pipe Fabricators at the El Paso facility.  Pedro Lopez’s testimony did not differ
substantively from Ernesto Lopez’s testimony. 





[2]
          See Tex. Lab.
Code Ann. § 408.001(a) (Vernon 2006).





[3]              In its brief, El Paso candidly argues that “the evidence presented by
the witnesses’ testimony at trial conclusively established that Lopez and his
brother submitted themselves to the direction and control of PG&E
supervisory employees with respect to the means, methods, and details of the
work to be performed and the means, methods, and details of how the work should
be accomplished.” 





[4]              In another section of the contract, the “work” is defined as including
“all services to be performed and things to be furnished hereunder, including
but not limited to competent supervision, all labor, material, insurance,
supplies, water, tools, equipment, light, fuel, power, heat, transportation, or
other facilities necessary or desirable for the completion of a project in
accordance with this Agreement and to the complete satisfaction of Company.”





[5]              The Lopezes point out that El Paso does not challenge the remaining
elements of negligence: (1) a legal duty; (2) breach of that duty; and (3)
damages.  See D. Houston, Inc.
v. Love, 92 S.W.3d 450, 454 (Tex. 2002). 





[6]              El Paso’s motion to modify the judgment included
as an attached exhibit, a letter reciting: “[I]t is Texas Mutual Insurance
Company’s position that their workers’ compensation policy contains a valid
waiver of subrogation as to Ernesto Lopez’s above lawsuit as to defendant El
Paso . . . .”                     This
letter, however, was neither offered as an exhibit by El Paso, nor admitted
into evidence by the trial court.  See
Wilson v. Williamson, 586 S.W.2d 148, 150 (Tex. Civ. App.—Houston [1st
Dist.] 1979, no writ) (document attached to pleading must be offered into
evidence for document to be considered by trial court).  Had it been offered and admitted as a trial
exhibit, it would be part of the reporter’s record.  See Tex.
R. App. P. 34.6(a)(1).  Instead,
the letter appears in the clerk’s record as an exhibit to the motion to modify
the judgment.  Mere physical presence in
the clerk’s record, however, does not allow us to consider a document that is
otherwise not properly part of the appellate record.  See Atchison v. Weingarten Realty
Mgmt. Co., 916 S.W.2d 74, 76–77 (Tex. App.—Houston [1st Dist.] 1996, no
pet.).





[7]              Justice Tim Taft, who retired from the First Court of Appeals effective
June 1, 2009, continues to sit by assignment for the disposition of this case,
which was submitted on June 23, 2009.