**Reversed and Remanded and Memorandum Opinion filed June 10, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00393-CV

## KHOU-TV, INC. AND WILLIAM LANGLOIS; HEARST NEWSPAPERS ("HEARST"), LLC D/B/A HOUSTON CHRONICLE, Appellants

### V.

## STATUS LOUNGE INCORPORATED, Appellee

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2016-51529**

### MEMORANDUM OPINION

In this interlocutory appeal, several media defendants challenge the trial court's denial of their motions to dismiss the plaintiff's claims under the Texas Citizens Participation Act (TCPA).[1] We hold that the plaintiff failed to establish a prima facie case for its claims of libel and business disparagement because the

---

[1] *See* Tex. Civ. Prac. & Rem. Code ch. 27; *see also In re Lipsky*, 460 S.W.3d 579, 584 & n.1 (Tex. 2015).

plaintiff failed to provide evidence that the defendants' statements were not substantially true. Accordingly, the trial court erred by denying the defendants' motions to dismiss. We reverse the trial court's order and remand for further proceedings.

## I.     BACKGROUND

This case is the second appeal of the trial court's denial of the defendants' motions to dismiss under the TCPA. *See Hearst Newspapers, LLC v. Status Lounge Inc.*, 541 S.W.3d 881 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The facts are recited in greater detail in that opinion. *See id.* at 883–87. In short, this case involves two articles published by different media defendants based on public reports from the Houston Police Department following a shooting that occurred near Status Lounge's bar. KHOU-TV, Inc. and its journalist William Langlois published one article, and Hearst Newspapers, LLC d/b/a Houston Chronicle published the other.

In most respects, the articles are substantially similar to the police report. *See id.* at 884. However, in its response to the media defendants' motions to dismiss, Status Lounge argued that the articles differed meaningfully from what the police reported. In particular, the police reported that a bandmember got in an argument with the "owner" of the bar about how long the band was supposed to play, and then the "manager" of the bar shot the bandmember and fled the location. *Id.* The articles, however, stated that the "owner" shot the bandmember. And the KHOU article stated that the owner was taken into custody, a fact not asserted by the police. Status Lounge argued that that these two discrepancies were "distinctions with a difference." Status Lounge attached a declaration from the bar's manager, stating that no owner of Status Lounge was taken into custody.

2

Status Lounge also argued in its response and in a separate motion that the TCPA was unconstitutional.

The trial court denied the motions to dismiss as untimely and ruled that the TCPA was constitutional in separate orders. In the prior appeal, this court reversed the trial court's order denying the motions as untimely, remanding the case to the trial court to rule on the merits of the parties' arguments. *Id.* at 894. This court held that it lacked jurisdiction over the trial court's ruling that the TCPA was constitutional. *See id.* This court's mandate issued in April 2018. About a year later, the trial court signed a written order stating, among other things:

1. The motions were denied by operation of law under Section 27.008(a) of the TCPA;
2. The legal action relates to the defendants' right of free speech; and
3. Status Lounge brought forth clear and specific evidence of each element of its claims for defamation and business disparagement, including that the defendants' statements were false.

Within twenty days of the trial court's signing this order, the defendants filed notices of appeal.

## II.    ISSUES AND HOLDINGS

In several issues, the defendants contend that the trial court erred by denying the TCPA motions because, among other reasons, Status Lounge failed to make a prima facie showing that the articles were not substantially true when compared to the police report. Status Lounge responds that this court lacks jurisdiction over the defendants' appeal because the motions were denied by operation of law long before the trial court signed a written order and the defendants filed notices of appeal. Status Lounge also contends that the trial court's ruling should be upheld because the TCPA is unconstitutional. Finally, Status Lounge contends that the merits of the TCPA motions should be decided on the original papers and denied.

3

We address jurisdiction first, holding that the motions were not denied until the trial court signed its written order, so the defendants' notices of appeal were timely, and this court has jurisdiction. Then, we hold that Status Lounge failed to meet its burden under the TCPA to show by a preponderance of the evidence that the articles were not substantially true. Finally, Status Lounge has not shown that this court's prior holding regarding appellate jurisdiction to review the constitutional challenge was clearly erroneous, so we do not reconsider it.

### III. JURISDICTION

A trial court must hold a hearing on a TCPA motion to dismiss no later than 120 days after service of the motion. *See* Tex. Civ. Prac. & Rem. Code § 27.004(a), (c). If a trial court does not rule on a TCPA motion to dismiss within thirty days of the conclusion of a hearing on the motion, the motion is denied by operation of law, and the moving party may appeal. *See id.* §§ 27.005(a), 27.008(a), 51.014(a)(12). The moving party must file a notice of appeal within twenty days of the denial, or else this court lacks jurisdiction over the appeal. *See Komerica Post, LLC v. Jai Sung Byun*, No. 14-19-00764-CV, 2021 WL 1804512, at *3 (Tex. App.—Houston [14th Dist.] May 6, 2021, no pet. h.) (mem. op.); *Fell Clutch, LLC v. Cherokee Black Entm't Inc.*, No. 14-19-00577-CV, 2020 WL 372978, at *1 (Tex. App.—Houston [14th Dist.] Jan. 23, 2020, no pet.) (mem. op.).

Here, the trial court signed a written order denying the TCPA motions on the merits about a year after this court issued its mandate in the first appeal. Status Lounge contends that the motions, however, were denied by operation of law on May 13, 2018, thirty days after the issuance of this court's mandate, and this court lacks jurisdiction because the defendants did not file a notice of appeal within twenty days of the implied overrulings.

4

This court remanded the case so the trial court could "rule on the merits of the parties' arguments." *Hearst Newspapers, LLC*, 541 S.W.3d at 894. This court's opinion and mandate did not include a deadline for the trial court to hold a new hearing on the TCPA motions or issue rulings. Nor does the statute impose a deadline for holding a hearing on a motion to dismiss after a reversal and remand by a court of appeals. And, the trial court did not hold a new hearing on the motion. Accordingly, the motion could not have been denied by operation of law thirty days after this court's mandate issued. *See Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *2 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.) ("[T]he 30-day deadline before a motion is deemed denied by operation of law runs only from the date of the hearing on the motion. But, because no such hearing was held in these cases, the TCPA motion was not denied by operation of law." (quoting *Cuba v. Pylant*, 814 F.3d 701, 707 (5th Cir. 2016))); *accord RPM Servs. v. Santana*, No. 06-19-00035-CV, 2019 WL 4064576, at *2 (Tex. App.—Texarkana Aug. 29, 2019, pet. denied) (mem. op.); *Wightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018 WL 798163, at *3 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.).[2]

The defendants filed their notices of appeal within twenty days after the trial court signed a written order denying the TCPA motions, thus invoking this court's jurisdiction.

## IV.  TCPA

To be entitled to dismissal under the TCPA, a defendant has the initial burden to show by a preponderance of the evidence that the plaintiff's claim "is

---

[2] For these reasons, we also hold that the trial court erred to the extent it denied the motions to dismiss in the written order on the basis that the motions had already been denied by operation of law.

based on, relates to, or is in response to" the defendant's exercise of the right to petition, association, or free speech. *See In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015); *see also* Act of May 18, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961 (codified as amended at Tex. Civ. Prac. & Rem. Code § 27.005(b)).[3] If the defendant satisfies this initial burden, the burden shifts to the plaintiff to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017). Whether the parties have met their respective burdens is a question of law that we review de novo. *Nunu v. Risk*, 612 S.W.3d 645, 660 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (citing *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019)).

Here, Status Lounge sued the defendants for libel and business disparagement. Status Lounge concedes that its claims relate to the defendants' exercise of the right of free speech. Thus, the defendants have satisfied their initial burden.

For each claim, Status Lounge has the burden to prove by a preponderance of the evidence that the defendants' statements were false, i.e., not substantially true. *See Innovative Block of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 417 (Tex. 2020) (business disparagement requires plaintiff to prove that the statement is false); *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 700 (Tex. 2017) (noting that a statement is not actionable for defamation or business disparagement if the statement is substantially true); *KBMT Operating Co. v. Toledo*, 492 S.W.3d 710, 715 (Tex. 2016) (holding that "a private

---

[3] The Legislature amended the TCPA in 2019, but the amendment does not apply to this case, which was filed before September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 3, 11–12, 2019 Tex. Sess. Law Serv. Ch. 378 (West). Any citations to the TCPA in this opinion are to the version of the statute in effect when Meridian filed suit.

individual who sues a media defendant for defamation over a report on official proceedings of public concern has the burden of proving that the gist of the report was not substantially true"); *see also Choctaw Constr. Servs. LLC v. Rail-Life R.R. Servs., LLC*, 617 S.W.3d 143, 153 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Basic Capital Mgmt., Inc. v. Dow Jones & Co.*, 96 S.W.3d 475, 480–81 (Tex. App.—Austin 2002, no pet.).[4]

"A statement need not be perfectly true; as long as it is substantially true, it is not false." *Toledo*, 492 S.W.3d at 714. The test for whether a report is substantially true is "whether the broadcast taken as a whole is more damaging to the plaintiff's reputation than a truthful broadcast would have been." *Id.* (quotation omitted). This test requires considering "the broadcast as a whole—its gist to the ordinary listener—and comparing it to a truthful report." *Id.* The gist of an allegedly defamatory broadcast must be compared to a truthful report of the official proceedings, not to the actual facts. *Id.* As part of the plaintiff's burden to show lack of substantial truth, the plaintiff must show that the broadcast was not a fair, true, and impartial account of the proceedings. *See id.* at 715.

A comparison of the police report to the defendants' articles shows that the articles substantially mirror the police report. The two divergences identified by Status Lounge are (1) the articles state that the "owner" shot the victim, while the

---

[4] Ordinarily, truth is a defense to defamation, so a plaintiff need not prove falsity. *Toledo*, 492 S.W.3d at 713. However, the burden of proof on the issue of falsity is shifted to the plaintiff if the defendant proves that it is a part of the media and the complained-of statements were an account of official proceedings of public concern. *See id.* at 714–15. Here, the defendants have shifted the burden of proof on the issue of falsity by showing that they were part of the media and the complained-of statements were based on official statements from law enforcement about a criminal allegation. *See, e.g.*, *Deaver v. Desai*, 483 S.W.3d 668, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Criminal allegations involve legitimate public concern." (quotation omitted)); *Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 655 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Official statements from law enforcement, including press releases, trigger application of the privilege.").

police report states that the "manager" shot the victim; and (2) one article states that the owner was taken into custody, while the police report is silent on the matter.

These errors in the details do not render the articles substantially untrue because minor inaccuracies do not amount to falsity so long as the gist or "sting" of the story is correctly conveyed. *See Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000); *McIlvain v. Jacobs*, 794 S.W.2d 14, 15–16 (Tex. 1990); *see also Herald-Post Publ'g Co. v. Hill*, 891 S.W.2d 638, 639 (Tex. 1994) (per curiam) (newspaper report that witness at trial accused an attorney and his investigator of threatening her when only the investigator actually made the threat held substantially true as a matter of law). If there could be any confusion about the identity of the suspect as the "manager" rather than the "owner," the same possibility of confusion existed in the police report, which referred to the "owner" being the person who got into the argument with the victim and did not clarify that the "manager" who shot the victim was a different person. *See Toledo*, 492 S.W.3d at 716 (dismissing defamation claim under TCPA; reasoning that the report of a medical board's press release about a pediatrician that engaged in a sexual relationship with a patient was substantially true although it omitted fact that the patient was an adult because "if there could have been any confusion over the broadcast, the same possibility of confusion existed in the Board's report of its proceedings," which did not specify the age of the patient). Although failing to clarify this fact before printing may show poor research or editing, it does not demonstrate lack of substantial truth.

Although one of the articles erroneously reported that the owner had been taken into custody, the gist of the article—that Status Lounge's representative shot a band member over a dispute about how long the band would play—remained the

8

same regardless of whether the owner was taken into custody. The ordinary reader would assume that custody would be the natural result of the owner's reported conduct. And, Status Lounge is a business entity, but the statement about being taken into custody would be understood to refer to a specific yet unnamed person. A reference to the owner being taken into custody does not attach any more opprobrium to conduct of Status Lounge, specifically, compared to a report without the exaggeration. *See Collins v. Sunrise Senior Living Mgmt., Inc.*, No. 01-10-01000-CV, 2012 WL 1067953, at *16 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.) (noting that a "statement is substantially true even if it greatly exaggerates plaintiff's misconduct, as long as the average reader would not attach any more opprobrium to the plaintiff's conduct merely because of the exaggeration"); *accord Weber v. Fernandez*, No. 02-18-00275-CV, 2019 WL 1395796, at *9 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.); *Ruder v. Jordan*, No. 05-14-01265-CV, 2015 WL 4397636, at *3 (Tex. App.—Dallas July 20, 2015, no pet.) (mem. op.); *Entravision Commc'ns Corp. v. Belalcazar*, 99 S.W.3d 393, 397 (Tex. App.—Corpus Christi 2003, pet. denied); *Collins v. Sunrise Langston v. Eagle Printing Co.*, 797 S.W.2d 66, 69–70 (Tex. App.—Waco 1990, no writ); *Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 515 (Tex. App.—Tyler 1987, writ dism'd w.o.j.).

Having compared the defendants' articles to the police report upon which they are based, we hold that the articles are substantially true. Therefore, Status Lounge failed to establish a prima facie case for each element of its claims. The TCPA requires that Status Lounge's claims be dismissed. *See* Tex. Civ. Prac. & Rem. Code § 27.005.

## V. CONSTITUTIONAL CHALLENGE

Status Lounge asks this court to affirm the denial of the motions to dismiss because the TCPA is unconstitutional. In the prior appeal, this court ruled that it lacked jurisdiction to review the trial court's separate ruling that the TCPA is constitutional in an interlocutory appeal from the denial of the motions to dismiss. *See Hearst Newspapers*, 541 S.W.3d at 894. The original decision of this court is law of the case and is ordinarily binding absent a showing that the original decision was clearly erroneous. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). Status Lounge does not contend, and has not shown, that this court's prior decision regarding jurisdiction was erroneous. Thus, we decline to reconsider the issue.

## VI. CONCLUSION

The trial court erred by denying the defendants' motions to dismiss under the TCPA. Accordingly, the trial court's order denying the motions is reversed. Consistent with the defendants' requests, we remand the case to the trial court for proceedings consistent with this opinion, including dismissal of Status Lounge's claims against the defendants and an award to the defendants of attorney's fees and other relief authorized by the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a); *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 865 (Tex. App.—Houston [14th Dist.] 2017, no pet.).


/s/　　Ken Wise
　　　　Justice


Panel consists of Justices Wise, Zimmerer, and Wilson.