176 S.W.3d 343 (2004)
D.B., Appellant,
v.
K.B., Appellee.
No. 01-03-00062-CV.
Court of Appeals of Texas, First District, Houston.
August 12, 2004.
*345 Jason H. Truitt, Truitt & Settle, L.L.P., Humble, TX, for Appellant.
Stu Stewart, Robert L. Galloway, Thompson & Knight, LLP, Houston, TX, for Appellee.
Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

OPINION
TERRY JENNINGS, Justice.
In this appeal from a divorce proceeding, appellant, D. B., challenges the trial court's rendition of summary judgment in favor of appellant's ex-wife, appellee, K. B., that the potential proceeds from appellant's qui tam lawsuit[1] are community property.[2] In his sole issue, appellant contends that the trial court erred in granting appellee's no-evidence summary judgment motion and in denying appellant's no-evidence summary judgment motion because (1) appellee failed to respond to appellant's motion, (2) appellee failed to comply with Texas Rules of Civil Procedure 166a(c)[3] and 166a(d),[4] (3) there was no evidence that appellant's potential qui tam fee[5] constituted community property, and (4) the False Claims Act[6] preempts Texas community property law.[7] We affirm.

Facts and Procedural Background
While he was married to appellee, appellant, having learned of a fraud against the United States government, filed a qui tam lawsuit under the False Claims Act in federal district court. Appellant served the United States Attorney's Office with a copy of his complaint and documentation that he thought would be of interest to it. As the relator in that proceeding, appellant could potentially recover a fee of between 15 and 30 percent of any damages awarded in the qui tam lawsuit.[8]
On November 27, 2000, appellee, who had been married to appellant for over 10 years, filed a petition for divorce. Thereafter, appellant and appellee came to an agreement on how to divide the majority of their assets and liabilities. However, they did not agree on whether appellant's potential fee from the qui tam lawsuit was a community asset to be divided as part of the divorce.
*346 On December 18, 2001, the trial court conducted an in camera evidentiary hearing, with appellant as the sole testifying witness, to determine whether appellant's potential qui tam fee was a community asset. At the hearing, appellant testified that he had filed the qui tam lawsuit while he was married to appellee and that, up to the date of the hearing, he had paid the "expenses and costs of the lawsuit" himself. Appellant also stated that, should the federal government decide not to prosecute the case, he did not intend to prosecute it himself.
Following this hearing, the trial court directed the parties to file summary judgment motions on the issue of whether appellant's potential qui tam fee was a community asset. On January 28, 2002, the parties filed opposing no-evidence summary judgment motions. In his motion, appellant argued that, because appellee had failed to establish that he had a present vested interest in the qui tam fee as of the date of the divorce, there was no evidence that the fee was community property or that the community presumption applied. In her motion, appellee argued that, because appellant testified that he learned about the fraud and filed the lawsuit during their marriage, there was no-evidence that the potential qui tam fee was separate property.
On January 31, 2002, appellant filed a response to appellee's no-evidence summary judgment motion, in which he argued that the trial court should not consider appellee's motion because she did not comply with the requirements of Texas Rules of Civil Procedure 166a(c) and 166a(d). Specifically, appellant asserted that appellee (1) failed to file her motion at least 21 days before the date of the summary judgment hearing and (2) used "deposition transcripts" as summary judgment evidence without notifying appellant of her intent to do so at least 21 days before the summary judgment hearing.
On February 3, 2002, following a hearing on the parties' no-evidence summary judgment motions, the trial court issued an order granting appellee's motion in all respects. Thereafter, following a bench trial on the issues of spousal maintenance, attorney's fees, and whether a particular debt was a community liability, the trial court made the following findings in its final decree:
With respect to the [qui tam] False Claims Act issue, pursuant to and consistent with the Court's ruling on [appellee's] Motion for Summary Judgment, the Court finds that there is a community interest in any proceeds that may be derived as a result of that action or those proceedings. The Court is awarding those one-half to each party.

Standard of Review
To prevail on a no-evidence summary judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's claim. TEX.R. CIV. P. 166a(i); Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.2002); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on each of the challenged elements. TEX.R. CIV. P. 166a(i). A no-evidence summary judgment may not be properly granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact. Id. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." Merrell Dow Pharmaceuticals, *347 Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. Grant, 73 S.W.3d at 215.

Failure to Respond
Appellant argues that, because appellee did not file a response to his no-evidence summary judgment motion, the trial court should have granted his motion and denied appellee's motion. However, when both parties file opposing motions for summary judgment, one is necessarily responsive to the other. Seaman v. Seaman, 686 S.W.2d 206, 210 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e). Appellant and appellee filed opposing no-evidence summary judgment motions on the sole issue of whether appellant's potential qui tam fee was a community asset. Here, appellee's no-evidence summary judgment motion was necessarily responsive to appellant's no-evidence summary judgment motion on the same issue.

Rules 166a(c) and 166a(d)
Appellant also argues that the trial court should not have considered appellee's summary judgment motion because appellee, (1) without leave of the trial court, filed her motion "with[in] less than the required 21 days notice" and (2) used "deposition transcripts" as summary judgment evidence without notifying appellant of her intent to do so at least 21 days before the summary judgment hearing. See TEX.R. CIV. P. 166a(c) and 166a(d).
Rule 166a(c) provides that, except on leave of court and with notice to opposing counsel, a summary judgment motion and any supporting affidavits shall be filed and served at least 21 days before the time specified for the summary judgment hearing. TEX.R. CIV. P. 166a(c). Rule 166a(d) provides that discovery not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to other instruments, are filed and served on all parties, together with a statement of intent to use the specified discovery as summary judgment evidence, at least 21 days before the summary judgment hearing. TEX.R. CIV. P. 166a(d).
In regard to appellant's assertion that appellee filed her summary judgment motion "with[in] less than the required 21 days notice," we note that parties may alter the deadlines for filing summary judgment motions by Rule 11 agreement. See Fraud-Tech, Inc. v. Choicepoint, Inc., 102 S.W.3d 366, 377 (Tex.App.-Fort Worth 2003, pet. denied). Here, on January 25, 2001, appellant and appellee executed a Rule 11 Agreement extending the time for filing their summary judgment motions to January 28, 2001. Appellee filed this agreement with the trial court, and both parties filed their motions on January 28. Accordingly, we hold that appellee was not required to obtain the trial court's leave to file her motion "with[in] less than the required 21 days notice."
In regard to appellant's assertion that appellee failed to give him at least 21 days notice of her intention to use "deposition transcripts" as summary judgment evidence, we note that, to preserve a complaint for appellate review, a trial court must either expressly or implicitly rule on a request, objection, or motion. TEX.R.APP. P. 33.1(a)(2)(A). Here, although appellant objected to appellee's failure to give him at least 21 days notice of her intention to use deposition transcripts as summary judgment evidence, appellant failed to obtain a written ruling on his objection. See Green v. Industrial Specialty *348 Contractors, Inc., 1 S.W.3d 126, 130 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (noting that, to preserve error, party must obtain written ruling on objections to summary judgment evidence). Moreover, we can find nothing in the record to indicate that the trial court implicitly ruled on appellant's objection. See Jones v. Ray Ins. Agency, 59 S.W.3d 739, 753 (Tex.App.-Corpus Christi 2001, pet. denied) (noting that "for there to be an `implicit' ruling . . . there must be something in the summary judgment or the record to indicate [that] the trial court ruled on objections other than the mere granting of the summary judgment."). Accordingly, we hold that appellant has waived any error in regard to his argument that appellee failed to notify him of her intention to use deposition transcripts as summary judgment evidence at least 21 days prior to the summary judgment hearing.

Community Property
Appellant next argues that the trial court erred in granting appellee's summary judgment motion because there was no evidence that appellant's potential qui tam fee was community property. He asserts that, in her summary judgment motion, appellee failed to show that the qui tam fee was "received or otherwise vested during the marriage" or that, if it is ever actually received, the qui tam fee will be "an asset that will relate back to the community in any way."
As noted above, appellee, in her summary judgment motion, argued that there was no evidence that appellant's potential qui tam fee was separate property. Separate property consists in part of property owned or claimed by a spouse before marriage. TEX. FAM.CODE ANN. § 3.001(1) (Vernon 1998). Community property consists of property other than separate property that is acquired by either spouse during the marriage. Id. § 3.002 (Vernon 1998). The characterization of property as either "community" or "separate" is determined by the inception of title to the property. Alsenz v. Alsenz, 101 S.W.3d 648, 652 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). Inception of title occurs when a party first has the right of claim to the property. Id. Property possessed by either spouse on dissolution of marriage is presumed to be community property. TEX. FAM.CODE ANN. § 3.003. To defeat this presumption, a spouse must establish by clear and convincing evidence that property is separate property. Id.
No Texas case has addressed the issue of whether a potential qui tam fee that has not been received during marriage qualifies as community property. However, in 1976, in another case of first impression, the Texas Supreme Court addressed an analogous issue in Cearley v. Cearley, 544 S.W.2d 661 (Tex.1976). In Cearley, as part of a property division pursuant to a divorce, a wife was granted a "fractional interest in future military retirement benefits if and when received by [her] husband." Id. at 662. The benefits had not vested and had not been acquired by the husband during the marriage and were subject to forfeiture in the event that the husband died or was dishonorably discharged prior to his retirement date. Id. at 665. Nevertheless, the Court held that, because the husband had a contingent interest in the benefits at the time of divorce, the benefits were "a community asset subject to consideration along with other property in the division of the estate of the parties." Id. at 666. In its analysis, the Court explained as follows:
Although a servicemen's military pension is not payable before the date of its maturity, it is not `earned' on that day. Rather, it is a form of deferred compensation which is earned during each *349 month of his military service. The portion that [the husband] earned during the months of coverture became contingent earnings of the community which may or may not bloom into full maturity at some future date.
Id.
Although there are no Texas cases directly on point, an intermediate California appellate court addressed the exact issue presented here in Biddle v. Biddle, 52 Cal.App.4th 396, 60 Cal.Rptr.2d 569 (1997). In Biddle, the court held that, because a husband had discovered a False Claims Act violation and had filed a qui tam lawsuit during marriage, his potential qui tam fee "amount[ed] to a contingent future interest and divisible community property." Id. at 400, 60 Cal.Rptr.2d 569. Although Biddle is not binding precedent, we note that, in reaching its holding, the court relied on Brown v. Brown, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976), a case decided by the California Supreme Court, which the Texas Supreme Court quoted extensively in Cearly. See Cearley, 544 S.W.2d at 663-64. We find the reasoning of Biddle to be persuasive, and recognize that, under appropriate circumstances, a potential fee from a qui tam lawsuit, although not received during marriage, may qualify as community property.
Here, appellee produced summary judgment evidence, consisting of excerpts from appellant's testimony at the in camera hearing, which established that, during their marriage, appellant learned of the fraud against the federal government, filed the qui tam lawsuit, and provided the United States Attorney's Office with knowledge that would be of interest to them. Once the lawsuit was filed, appellant's receipt of a qui tam fee became contingent upon the United States Attorney's Office prosecuting his case[9] and securing a monetary settlement or a damage award. However, were appellant to receive a fee in the future, he would not have "earned" that fee on the date on which it was paid. See Cearley, 544 S.W.2d at 665. Rather, he would have earned the fee by discovering the fraud, filing the qui tam lawsuit, and providing the United States Attorney's Office with information; all events that occurred during appellant's marriage to appellee. Accordingly, we hold that appellant possessed a contingent interest in the qui tam fee during his marriage to appellee. See id. at 666.
To rebut the community presumption, appellant was required to produce clear and convincing evidence that he did not earn the potential qui tam fee during the marriage. TEX. FAM.CODE ANN. § 3.003. However, in his no-evidence summary judgment motion, appellant simply argued that the evidence showed that his interest in the qui tam fee, "if any, [was] so remote and so unrelated to the community estate" that the potential fee could not be community property.
Accordingly, because appellant failed to produce any summary judgment evidence establishing that he did not earn the potential qui tam fee during marriage, we hold that appellant's interest in the fee was community property and was properly subject to division by the trial court as part of the divorce.

Preemption
Appellant finally argues that the trial court erred in granting appellee's no-evidence summary judgment motion because the False Claims Act preempts Texas law. Therefore, to the extent that *350 Texas community property law grants appellee an interest in his potential qui tam fee, appellant argues that Texas law is preempted by the False Claims Act.
Preemption is generally an affirmative defense, which must be set forth in a defendant's answer or the issue will be waived. Gorman v. Life Ins. Co. of N. Am., 811 S.W.2d 542, 546 (Tex.1991). A defendant may raise a preemption argument for the first time on appeal only if the issue of preemption implicates the subject matter jurisdiction of the court. Id. at 545.
Here, appellant did not raise the issue of preemption in his answer to appellee's petition for divorce, and he did not raise the issue until after the trial court had already granted appellee's no-evidence summary judgment motion. Moreover, appellant's preemption argument does not implicate the subject matter jurisdiction of either the trial court or of this court. Therefore, we hold that appellant has waived this issue.[10]

Conclusion
We hold that the trial court did not err in granting appellee's no-evidence summary judgment motion and in denying appellant's no-evidence summary judgment motion.
We overrule appellant's sole issue and affirm the judgment of the trial court.
NOTES
[1] See 31 U.S.C. § 3730(b) (1994).
[2] The parties have requested that we refer to them by their initials because the use of their names "could alert the unnamed defendants in the qui tam suit of the [federal] government's on-going investigation." To preserve the confidentiality of the investigation, we grant the parties' request. See Gustafson v. Chambers, 871 S.W.2d 938, 950 (Tex.App.-Houston [1st Dist.] 1994, orig. proceeding).
[3] TEX.R. CIV. P. 166a(c).
[4] TEX.R. CIV. P. 166a(d).
[5] See 31 U.S.C. § 3730(d) (1994).
[6] See id. §§ 3729, 3730 (1994).
[7] Although appellant states three general issues for our review, he presents his arguments in the body of his brief as we have listed above, and we address them accordingly. Moreover, we note that appellant also argues that the trial court erred in granting appellee's no-evidence summary judgment motion and in denying appellant's no-evidence summary judgment motion because neither appellee's pleadings nor her inventory and appraisement "contain an allegation that [his potential qui tam fee] [was] a contested issue in the case." However, because appellant does not include any citations to authority in support of this argument, it is waived. See TEX.R.APP. P. 38.1(h); Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied).
[8] See 31 U.S.C. § 3730(d)(1), (2).
[9] At the in camera hearing, appellant testified that, should the government decide not to prosecute the case, he "had no intent to prosecute [it] himself."
[10] Moreover, we note that Texas community property law is not preempted by the False Claims Act under federal preemption principles. There is no preemption without a clear and direct statement by Congress of intent to preempt. See Boyle v. United Techs. Corp., 487 U.S. 500, 504-06, 108 S.Ct. 2510, 2514-15, 101 L.Ed.2d 442 (1988) (preemption of state law occurs only when significant conflict exists between federal policy or interest and operation of state law or when application of state law would frustrate objectives of federal legislation; when litigation is purely between private parties and does not touch upon rights and duties of United States, federal law does not govern). The division of community property in this divorce action does not touch upon the rights or duties of the United States.