In The 



Court of Appeals



Ninth District of Texas at Beaumont 


________________



NO. 09-08-00440-CV


 _____________________



PATRICIA JONES, Appellant



V.



MARK R. SMITH AND 


KELLER WILLIAMS REALTY - KINGWOOD, Appellees







On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 06-06-06383 CV






MEMORANDUM OPINION



 Patricia Jones appeals the summary judgment granted in favor of appellees Mark R.
Smith and Keller Williams Realty-Kingwood. Because appellees' summary judgment
motions do not provide a sufficient basis for the award of attorney fees to appellees, we
reverse the trial court's award of attorney fees and remand the case to the trial court.

 Jones contacted Mark R. Smith, employed by Keller Williams Realty-Kingwood, to
show unimproved property to her in Montgomery County, Texas. Smith located an
unimproved lot, Lot 9 of a subdivision in Montgomery County, for sale. Jones decided to
purchase Lot 9. A surveyor recommended by Smith prepared the survey of what the parties
believed was Lot 9, and placed stakes defining the boundaries of the lot. Jones paid the
surveyor for the completed survey. Jones completed the purchase of Lot 9. Jones hired a
builder who began building Jones's home on lot 10, which they believed to be Lot 9. The
real owners of Lot 10 ordered the builder to cease construction.

 Jones filed suit against Smith and KWWD, L.L.C., d/b/a Keller Williams Northeast
in Kingwood for negligence, fraud, breach of contract, breach of warranty, and violations of
the Texas Deceptive Trade Practices Act. Jones claims appellees are responsible because
Smith showed her the incorrect lot prior to purchase and hired the surveyor who staked the
wrong lot. Appellees deny having hired, controlled, or paid the surveyor.

 Appellees filed an amended traditional motion and a no-evidence motion for summary
judgment. The matter was scheduled on the trial court's docket for hearing by submission
in accordance with a Rule 11 agreement of counsel. In the letter agreement, appellees'
counsel stated that Jones's counsel agreed in the earlier conversation "to a sixty-day
continuance of the June 9, 2008 trial date, if Defendants will reset their Motion for Summary
Judgment for hearing in twenty-one days." Jones attempted to file a response to the summary
judgment motion on June 13, 2008, the date that the matter was scheduled on the trial court's
submission docket. Due to counsel's difficulty with e-filing, Jones's response was not filed
until June 26, 2008, but Jones did not ask permission of the trial court to file her response
late. The trial court granted appellees' motions for summary judgment and ordered that
Jones take nothing from appellees. The order also provides that appellees recover attorney
fees from Jones.

 We quote the six issues Jones presents on appeal:

 1. "Whether appellees' notice of hearing factually sufficient to afford
appellant due process."

 2. "Whether the 'telephonic document transfer' clause of Rule 21a, Texas
Rules of Civil Procedure include in its definition documents transferred
by telephone lines to the Internet for purposes of the three-day
extension of time for response."

 3. "Whether the trial court's granting of an extension of the date of
hearing negated notice of the original hearing."

 4. "Whether appellant did not have, in law or in fact, the required amount
of time for notice of hearing so as to be deprived of due process."

 5. "Whether the trial court improperly award attorney's fees to appellees."

 6. "Whether a fair interpretation of the Rules of Civil Procedure allows
appellant a right to have her case heard by the trier of fact."

 

Although Jones numbers six issues for review, her brief outlines the following three
arguments: the summary judgment procedure followed did not comply with the rules of civil
procedure or due process; the trial court erred in awarding attorney fees to appellees for the
trial court proceedings; and the trial court erred in awarding attorney fees on appeal. 

 It appears that in issues one, two, three, four, and six, Jones asserts the procedure
followed did not comply with the rules of civil procedure or due process. She maintains her
understanding of the Rule 11 agreement was that appellees would take some action within
twenty-one days after the execution of the Rule 11 agreement to set a new hearing date and
then would notify Jones of the new date. She also claims she was denied the "requisite
amount of time required by Rule 166a" for notice of the summary judgment hearing date, and
that the trial court's proceeding to the summary judgment hearing not only denied her due
process, but was contrary to the purpose of the Texas Rules of Civil Procedure. 

 "[P]arties may alter the deadlines for filing summary judgment motions by Rule 11
agreement." D.B. v. K.B., 176 S.W.3d 343, 347 (Tex. App.--Houston [1st Dist.] 2004, pet.
denied) (citing Fraud-Tech, Inc., v. Choicepoint, Inc., 102 S.W.3d 366, 377 (Tex. App. --Fort
Worth 2003, pet. denied)). The setting of the hearing by submission was pursuant to an
agreement of counsel. The agreement was reduced to writing and filed with the court in
accordance with Rule 11 of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 11. 

 The agreement states that the hearing on the amended motions would be scheduled
"in twenty-one days" following the Rule 11 agreement. On May 21, 2008, the day after the
Rule 11 agreement was prepared and executed, appellees filed and served their amended
motions for summary judgment. That same day, appellees set the motions for submission on
June 13, 2008, and served notice on Jones's counsel.

 Jones acknowledges that she was unable to timely file her response to the summary
judgment motion because of the inability of her attorney to comply with the e-filing rules. 
The trial court's order granting summary judgment recites that the trial court considered
Jones's response in granting summary judgment. The trial court signed the order on July 9,
2008, two weeks after Jones filed her response. 

 The order reflects that the trial court considered the response. The e-filing rules, the
rules of procedure, and the Rule 11 agreement did not result in a lack of consideration of
Jones's response to the motions for summary judgment. Jones had sufficient notice of the
summary judgment hearing. Due process was not denied to her. Issues one through four, and
issue six are overruled.

 In issue five, Jones complains that the trial court erred in awarding attorney fees to
appellees for the trial court proceedings and on appeal. In their motions for summary
judgment, appellees pled they are entitled to attorney fees under paragraph 17 of the written
contract Jones entered into with the sellers of Lot 9 for the purchase of Lot 9. Paragraph 17
of the Unimproved Property Contract provides that "[t]he prevailing party in any legal
proceeding related to this contract is entitled to recover reasonable attorney's fees and all
costs of such proceeding incurred by the prevailing party."

 Although appellees are parties to a legal proceeding and are prevailing parties
pursuant to the trial court's order granting their motions for summary judgment, Jones's
claims are not "related to" the Unimproved Property Contract. Jones did not sue for breach
of the Unimproved Property Contract she executed with the owners of Lot 9. Appellees filed
no counterclaim asserting a breach of the sales contract. Jones's petition specifically alleges
an "oral contract" -- an agreement by Smith to hire a surveyor -- was breached. The separate
"oral contract" on which Jones sued was allegedly one reached with Smith, and concerned
Smith's recommendation of the surveyor. Compare Robbins v. Capozzi, 100 S.W.3d 18, 21,
22 n.1, 26-27 (Tex. App.--Tyler 2002, no pet.) (In suit brought by buyer of real estate against
seller of real estate, defendant was entitled to attorney fees for successfully defending claims
under contract provision for such fees to "[t]he prevailing party in any legal proceeding
brought under or with respect to the transaction described in his contract[.]"). The trial court
erred in awarding fees under a written sales contract not at issue in this dispute between
Jones and her agent. We sustain issue five. 

 Had Jones moved for summary judgment, we could modify the judgment to delete the
award of attorney fees and affirm the judgment as modified. See Comm'rs Court of Titus
County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). However, when only one party moves for
summary judgment and an appellate court reverses that summary judgment, the case must be
remanded to the trial court. See Herald-Post Publ'g Co. v. Hill, 891 S.W.2d 638, 640 (Tex.
1994). "[T]he appeal does not afford a basis for rendering a judgment for the non-moving
party." CRA, Inc. v. Bullock, 615 S.W.2d 175, 176 (Tex. 1981). 

 We reverse the trial court's judgment awarding attorney fees and remand the case for
further proceedings consistent with this opinion. 


 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

 

 DAVID GAULTNEY

 Justice 


Submitted on May 22, 2009 

Opinion Delivered September 17, 2009


Before McKeithen, C.J., Gaultney and Horton, JJ.