**Opinion issued April 15, 2021**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-19-00798-CV

—————————————

## SOSAMMA CHACKO, APPELLANT

## V.

## CHACKO THOTTIYIL, APPELLEE

On Appeal from 434th District Court
Fort Bend County, Texas
Trial Court Case No. 15-DCV-220661

## MEMORANDUM OPINION

Appellant, Sosamma Chacko ("Wife"), challenges the trial court's final divorce decree, entered after a bench trial, in her suit for divorce against appellee, Chacko Thottiyil ("Husband"). In two issues, Wife contends that the trial court erred in finding that two properties located in India were the separate property of Husband.

We affirm.

## Background

In her petition for divorce, Wife alleged that she and Husband were married on or about February 16, 1976 in Kerala, India, and they "ceased to live together as husband and wife on or about May 1, 2012." In his counterpetition for divorce, Husband alleged that he and Wife were married on or about February 16, 1976 and they "ceased to live together as husband and wife on or about January 15, 2015." In both Wife's petition and Husband's counterpetition, the parties contended that they would "enter into an agreement for the division of their estate," but, if "such agreement [was] not made," they requested that the trial court "divide their estate in a manner that the [c]ourt deem[ed] just and right, as provided by law."

The parties tried their dispute to the trial court. Before the trial court entered its final divorce decree, though, the parties entered into a mediated settlement agreement ("MSA") in which they agreed to divorce "on grounds of insupportability." According to the MSA, Husband and Wife also agreed that the Indian courts would divide the community-owned property located in India. These properties include the "Ninety-three-Cent Land & Partial Primary Residence" ("Ninety-three-Cent property"), the "Five Cent Land," the "Stock in India Kochin airport," and an account with the "State Bank of India."

The MSA reflects that Husband and Wife agreed to the characterization and division of all their property except for two parcels of land located in Kottayam, India, called the "Fifteen-Cent" parcel and the "One-and-a-half-Acres" parcel. As to those parcels, the MSA provides: "The parties will defer to characterization and confirmation of separate property [the One-and-a-half] Acres [parcel] and [the] Fifteen-Cent [parcel] to [the trial court] . . . ."[1]

At trial, as for the Fifteen-Cent parcel, the trial court admitted into evidence Respondent's Exhibit 39, consisting of a deed of sale which, according to the accompanying translation, was executed on July 2, 2007 and transferred the property to Husband and the parties' son, Benson Thottiyil. Husband testified that the Fifteen-Cent parcel is a "paddy field" and is "flooded with water." He explained that he acquired the land "[b]ecause [his] mother . . . gave [him] some money and told [him] to invest in some property in [Benson's] name and buy some property. So . . . [the] Fifteen[-]Cent[] [parcel] . . . is the property [he] bought it in [his] name and [his] son's name" with the money that "[his] mother gave [him]."

As for the One-and-a-half-Acres parcel, Husband testified, "It is my mother's property, and she put it in her will to me, and she gave—my parents gave partition

---

[1]    The MSA reflects that the parties disagreed as to whether the trial court had already made findings on the characterization of these parcels, but the reporter's record of the trial shows that the trial court expressly found that both parcels were separate property.

3

to my brothers. I got that partition [that is the] [O]ne-and-a-half[-][A]cres [parcel] to me." Respondent's Exhibit 40, admitted into evidence by the trial court, corresponds with this testimony. According to the accompanying translation, Respondent's Exhibit 40 is a receipt executed on January 19, 2013 "[i]n favour of the children of late Kuruvlle Thottiyll [sic]," including Husband.[2] The translation recites that one of the decedent's children—Husband's sister, Mariyamma—had the receipt recorded "per the conditions" of their parents' "last testament" to reflect that the named children received, "separately[,] the properties scheduled under A, B and C." Schedule A lists two properties identified as the share of Husband. Husband confirmed that the language on that page of Respondent's Exhibit 40 traces his separate-property interest in the One-and-a-half-Acres parcel.

The One-and-a-half-Acres parcel adjoins the Ninety-three-Cent property, which the MSA classifies as community property. Husband testified that he and his siblings "helped their parents" pay for the construction of a house that straddles the One-and-a-half-Acres parcel and the Ninety-three-Cent property. The 3,800 square-foot concrete house has five bedrooms and five-and-a-half bathrooms. "[T]he main part of the house" sits on the Ninety-three-Cent property. "The rest of" the house sits on the One-and-a-half-Acres parcel. Husband estimated the total value

---

[2] The original document is written in Malayalam script.

4

of the house to be about $200,000. Husband contributed about $30,000 from his retirement account to the cost of building the house.

Wife testified that when she visited India in 2010, the house was under construction. She was "aware of the area; but the coordinates, [she] [did]n't know. . . . [S]ome of the areas, [she] kn[e]w. But the surroundings, [she] [did]'nt know much about."

Consistent with the parties' MSA, the trial court's final divorce decree recites that it "prefers the Indian Court to split the [community] property in [its] jurisdiction at a later date following th[e] divorce." Among the community-owned real property located in India, the decree identifies the "Primary Residence" on the Ninety-three-Cent property as falling within the jurisdiction of the Indian courts.

## Standard of Review

Most appealable issues in family-law cases, including property division incident to divorce, are reviewed for an abuse of discretion. *Reddick v. Reddick*, 450 S.W.3d 182, 187 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or with no reference to guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Reddick*, 450 S.W.3d at 187. The trial court has broad discretion in dividing the community estate, and we must indulge every reasonable presumption in favor of

5

the trial court's proper exercise of its discretion. *Richard v. Towery*, No. 01-11-0132-CV, 2013 WL 1694861, at \*6 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.); *see also Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).

In family-law cases, legal- and factual-sufficiency challenges do not constitute independent grounds for asserting error but are relevant factors in determining whether the trial court abused its discretion. *Moroch*, 174 S.W.3d at 857. To determine whether a trial court abused its discretion because the evidence is legally or factually insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence on which to exercise its discretion and (2) erred in its application of that discretion. *Id.* We conduct the applicable sufficiency review when considering the first prong of the test. *Id.* We then determine whether, based on the evidence, the trial court made a reasonable decision. *Id.* Stated another way, the party challenging the trial court's characterization of property must establish error by challenging the legal or factual sufficiency of the evidence to support the property's characterization and then show that because of the mischaracterization, the trial court abused its discretion. *See Viera v. Viera*, 331 S.W.3d 195, 207 (Tex. App.—El Paso 2011, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Moroch*, 174 S.W.3d at 857.

**Marital Property**

In her first and second issues, Wife argues that the trial court erred in finding that two properties, the One-and-a-half-Acres parcel and the Fifteen-Cent parcel, were the separate property of Husband because clear and convincing evidence did not support the trial court's finding.

Resolution of this appeal turns in part on the meaning of the MSA, which may be enforced as a contract and is binding on the parties. *See* TEX. FAM. CODE ANN. § 6.602(c); *Loya v. Loya*, 523 S.W.3d 448, 451 (Tex. 2017). If an MSA is unambiguous, its construction is a question of law that we review de novo. *Toler v. Sanders*, 371 S.W.3d 477, 480–81 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

A spouse's separate property is defined by statute as property "owned or claimed by the spouse before marriage" or "acquired by the spouse during marriage by gift, devise, or descent," as well as any "recovery for personal injuries" sustained during the marriage, with limitations. TEX. FAM. CODE ANN. § 3.001. Community property is all property acquired by either spouse during the marriage that is not separate property. *Id*. § 3.002. The characterization of property as either "community" or "separate" is determined by the inception of title to the property. *D.B. v. K.B.*, 176 S.W.3d 343, 348 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Alsenz v. Alsenz*, 101 S.W.3d 648, 652 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Inception of title occurs when a party first has the right of claim to the property. *D.B.*, 176 S.W.3d at 348; *Alsenz*, 101 S.W.3d at 652.

"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE ANN. § 3.003(a). To overcome the presumption that property is community property, the spouse seeking to have the property categorized as separate property must establish that fact through "clear and convincing evidence." *Id*. § 3.003(b).

## A. Characterization of One-and-a-half-Acre Parcel

In her first issue, Wife argues that the trial court erred in finding that the One-and-a-half-Acre parcel is Husband's separate property because "the commingling of community assets to the separate property [was] established in this case" and Husband "failed to trace the community assets from the separate property."

The evidence presented at trial includes Respondent's Exhibit 40, a testamentary document executed by Husband's sister on behalf of her parents' estate, which reflects that the One-and-a-half-Acre parcel was a bequest to Husband from his parents. Husband's testimony confirmed that he inherited the One-and-a-half-Acre parcel from his parents. No controverting evidence appears in the record.

Wife points out that community funds were used to build the house that stands partly on the One-and-a-half-Acre parcel and partly on the community-owned Ninety-three-Cent property, and she asserts that "the commingling of community

8

assets and the failure of [Husband] to trace the separate assets from the community property" prevented the trial court from properly concluding that the One-and-a-half-Acre parcel was Husband's separate property. We disagree.

As noted, the uncontroverted evidence proves that Husband received the One-and-a-half-Acre parcel through a testamentary transfer from his parents, which makes it his separate property. The later use of property for community purposes or improvement of the property with community funds does not change the property's character. *Leighton v. Leighton*, 921 S.W.2d 365, 367 (Tex. App.—Houston [1st Dist.] 1996, no writ). When community funds are expended on separate property, Texas law allows a claim for reimbursement. *See* TEX. FAM. CODE ANN. § 3.402(a) (identifying nine categories of expenditures included within meaning of "claim for reimbursement"); *Alsenz*, 101 S.W.3d at 655 (claims for reimbursement are based on equitable principles and may run from community estate to separate estate, from separate estate to community estate, and from separate estate to separate estate).

Here, though, Wife did not assert a claim for reimbursement. Instead, she agreed in the MSA to let an Indian court "split the [community] property in [its] jurisdiction," including the Ninety-three-Cent property, on which the larger part of the house at issue sits. The trial court could have reasonably construed this portion of the MSA as leaving to the Indian court the decision on how to divide the community investment in the house in its division of the Ninety-three-Cent property.

9

Because some evidence of a substantive and probative character supports the trial court's finding, we hold that the trial court did not err in concluding that the One-and-a-half-Acre parcel was Husband's separate property. *See Moroch*, 174 S.W.3d at 857.

We overrule Wife's first issue.

**B. Characterization of Fifteen-Cent Parcel**

In her second issue, Wife argues that the trial court erred in finding that the Fifteen-Cent parcel is Husband's separate property because that property was purchased during the marriage.

Wife asserts that "mere testimony that property was purchased with separate funds, without any tracing of the funds, is insufficient to rebut the community presumption." *See, e.g.*, *McElwee v. McElwee*, 911 S.W.2d 182, 188 (Tex. App.— Houston [1st Dist.] 1995, writ denied). But Husband's testimony that his mother gifted him the money he used to buy the Fifteen-Cent parcel "to invest in some property in [Benson's] name" is still some evidence that any interest in the Fifteen-Cent parcel not belonging to Benson was Husband's separate property. As Wife notes, Benson testified that he was aware that some property in India had been purchased in his name although he did not know the details. Yet he further testified that the only "family" land he knew of in India was owned by either his father or his paternal grandparents. The trial court also admitted into evidence Respondent's

10

Exhibit 39, the deed for the Fifteen-Cent parcel, which shows that the property originally belonged to Husband's grandfather and passed by testamentary transfer to his father, then to his mother, and then to his sisters before the sisters transferred the property to Husband and Benson. This exhibit corroborates Husband's and Benson's testimony, and nothing in the record controverts any of this evidence. Thus, some evidence of a substantive and probative character supports the trial court's finding that the interest in the Fifteen-Cent parcel claimed by Husband was acquired by gift. *See* TEX. FAM. CODE ANN. § 3.001.

Finally, we note that Husband and Wife agreed in the MSA to "defer to characterization and confirmation of separate property . . . [the Fifteen-]Cent [parcel] to [the trial court]."

We hold that the trial court did not err in concluding that Husband held the claimed interest in the Fifteen-Cent parcel as his separate property.

We overrule Wife's second issue.

## Conclusion

We affirm the final decree of the trial court.

Julie Countiss
Justice

Panel consists of Justices Kelly, Goodman, and Countiss.

11