

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROGERIO ESTRADA, JR. and MARIA ESTRADA D/B/A QUIK AUTO SERVICE and QUICK AUTO SALES, | § | No. 08-24-00048-CV |
| | § | Appeal from the |
| Appellants, | | |
| v. | § | 381st Judicial District Court |
| JULIE LARA, MARIA ANTONIA ESTRADA, and EDIO ESTRADA, | § | of Starr County, Texas |
| | § | (TC# DC-13-849-A) |
| Appellees. | | |

**MEMORANDUM OPINION**[1]

In the underlying lawsuit, Rogerio Estrada, Jr. (Rogerio Jr.) and his wife, Maria Estrada, d/b/a Quik Auto Service and Quick Auto Sales, filed a trespass to try title suit and a suit for partition over six tracts of land. This appeal regards a no-evidence summary judgment ruling in favor of Appellees, Julie Lara (Julie), Maria Antonia Estrada (Maria Antonia), and Edio Estrada (Edio), on Appellants' suit for partition involving four of those tracts. Because Rogerio Jr. raised a genuine issue of material fact regarding his entitlement to partition of the four tracts, we affirm in part, reverse in part, and remand.

---

[1] The appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

# I. FACTUAL BACKGROUND

Setting aside Tracts 1 and 2,[2] as they are not at issue in this appeal, we focus on Tracts 3, 4, 5, and 6. Rogerio Jr. and the 25 defendants[3] named in Appellants' suit for partition are all related in some manner to Rogerio Estrada (Rogerio Sr.). Rogerio Sr. and his second wife, Alegunda G. Estrada (Alegunda), had ten children together, three of whom are Rogerio Jr., Maria Antonia, and Edio. Rogerio Sr. also had another child with his first wife.[4] Rogerio Sr. and Alegunda both died intestate. Appellants contended that because Rogerio Sr. died intestate, a portion of his community interest in certain real property was inherited by all 11 of his children.

# II. PROCEDURAL BACKGROUND

In the suit for partition as to Tracts 3, 4, 5, and 6, Rogerio Jr. claimed ownership by inheritance from Rogerio Sr. Appellants sought a partition of the tracts of land among the co-owners in accordance with their respective interests. According to Appellants, Rogerio Sr.'s children each inherited a 1/11th share of his 50% community property interest in the land, or a 1/22nd share of the whole. They asked the trial court to determine the share of each of the joint owners of the property, determine that such property was susceptible to partition, and direct partition in accordance with the respective shares of the parties.

Appellees filed a no-evidence motion for summary judgment on the ground that Appellants had no evidence showing they had an ownership interest in Tracts 3, 4, 5, and 6. Appellees asserted

---

[2] With regard to Tracts 1 and 2, Appellants claimed they and those under whom they claimed title had held continuous, peaceable, and adverse possession of those tracts for more than ten years, and the defendants, collectively, trespassed onto the property and constructed a fence of iron posts that effectively blocked Appellants from accessing the property.

[3] Of these 25 defendants, three are the Appellees. The remaining 22 defendants were not parties to the no-evidence motion for summary judgment at issue in this appeal.

[4] This child was a son, who also was named Rogerio Jr., and, although deceased, was named as one of the 25 defendants in the suit for partition.

2

that Tracts 3, 4, and 5[5] belonged to Edio and Tract 6 belonged to Julie.[6] Rogerio Jr. alleged that because his father, Rogerio Sr., died intestate, his interest in the subject property was inherited by all 11 of his children, including Rogerio, Jr.[7]

On May 3, 2023, the trial court signed an order that (1) granted Appellees' no-evidence motion for summary judgment, (2) ordered Appellants to take nothing, (3) assessed all court costs against Appellants, and (4) stated the order "dispose[d] of all parties and claims, and is appealable."[8]

A month later, Appellants filed a motion for new trial, alleging that, as relevant here, they raised a genuine issue of material fact as to the suit for partition. In response, Appellees and three other defendants (Trijidia Lomeli, Patricia Madrigal Estrada, and Fernando Estrada) filed a combined response and a motion to modify the judgment in which they asked the trial court to modify the May 3, 2023 judgment and grant a partial summary judgment only as to Tracts 3, 4, 5, and 6.[9]

---

[5] Tract 5 was originally conveyed by Alegunda to Fernando in July 2003. In March 2012, Fernando conveyed Tract 5 to Edio.

[6] In their no-evidence motion for summary judgment and on appeal, Appellees contend the trial court already determined Julie owned Tract 6 to the exclusion of Rogelio. Tract 6 is a 2.08-acre tract of land that includes a 67-foot-wide road. In a 2017 order terminating a temporary restraining order and temporary injunction issued on November 26, 2013, the trial court referred to the road as "Quik Road," and "determined [Julie] to be the sole owner and possessor of said right of way and the use of such access[.]" Therefore, contrary to Appellees' contention, the trial court did not determine Julie owned Tract 6, other than mentioning the conveyance from Alegunda to Jule and stating "such ownership appears to be in the Defendant, Julie Lara."

[7] Appellees affirmatively stated that they made "no claim" to Tracts 1 and 2.

[8] The trial court initially denied Appellees' no-evidence motion for summary judgment. Appellees filed a motion for rehearing, and Appellants filed a combined response to the motion for summary judgment and response to the motion for rehearing. On April 13, 2023, the trial court granted the motion for rehearing and later signed the May 3, 2023 summary judgment order.

[9] Appellees asked the court to modify its order to grant Appellants a new trial as to Tracts 1 and 2 on the issue of adverse possession. On July 19, 2023, the trial court granted Appellants' motion for new trial "on the issues pertaining to and only to [Tracts 1 and 2]." Several months later, Appellants nonsuited all their remaining claims to Tracts 1 and

3

On December 12, 2023, the trial court signed a Modified Judgment.[10] In the Modified Judgment, the trial court, as relevant here, (1) vacated its prior orders; (2) granted Appellees' no-evidence motion for summary judgment as to Tracts 3, 4, 5, and 6; (3) ordered that Appellants' claims as to Tracts 3, 4, 5, and 6 "remain pending against all Defendants except" Appellees.[11]

Following a severance order, this appeal ensued.

## III. STANDARD OF REVIEW AND APPLICABLE LAW

### A. No-evidence summary judgment review

"After adequate time for discovery, a party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i).

To avoid summary judgment on this basis, the non-movant must present evidence that raises a genuine fact issue on each of the challenged elements. *Id.* "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* (citation omitted). More than a scintilla of evidence exists when fair-minded people could differ in their conclusions. *Id.*

2. After the trial court signed an order dismissing all of Appellants' claims to Tracts 1 and 2, Appellees filed a motion to sever.

[10] In the Modified Judgment, the trial court noted that the court "and parties agreed that [the May 3, 2023] Judgment required an amendment to indicate that the no-evidence summary judgment was granted only for the Defendants who actually moved for summary judgment [the three Appellees] as to Tracts 1-6[.]"

[11] The Modified Judgment also dismissed Appellants' claims to Tracts 1 and 2 pursuant to the nonsuit. The next month, the court granted Appellees' motion to sever.

4

"[E]vidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We indulge every reasonable inference and resolve all doubts in the non-movant's favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005); *Fetty v. Miller*, 905 S.W.2d 296, 300 (Tex. App.— San Antonio 1995, writ denied).

## B. Partition of real property

"A joint owner or claimant of real property or an interest in real property . . . may compel a partition of the interest or the property among the joint owners or claimants[.]" Tex. Prop. Code Ann. § 23.001. The term "joint owner" is imprecise because its use does not signify any one type of ownership. *Laster v. First Huntsville Props. Co.*, 826 S.W.2d 125, 128 (Tex. 1991). It refers both to property held in joint tenancy and property held in cotenancy. *Id.* at 129. "The purpose of partition is to enable an owner of an undivided interest to sever that possession and to thereafter hold an exclusive possession of a specified part of property to which all joint owners previously had an equal right to possess."[12] *Morris v. Morris*, No. 12-17-00120-CV, 2018 WL 851361, at *5 (Tex. App.—Tyler Feb. 14, 2018, no pet.) (mem. op.).

To prevail in a suit for partition, a plaintiff must establish that he owns an interest in the property and has a right to possession of a portion thereof. *Trevino v. Trevino*, 64 S.W.3d 166, 171 (Tex. App.—San Antonio 2001, no pet.); *see also Savell v. Savell*, 837 S.W.2d 836, 838

---

[12] Partitions may be in-kind (property is divided into separate parcels and each parcel is allotted to a separate owner) or by sale (property is sold and sale proceeds are divided among the owners). *Bowman v. Stephens*, 569 S.W.3d 210, 220 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Partition in-kind does not alter ownership title, but merely determines which portions of the property each co-owner can possess. *Castell Props., LLC v. 148 S. Castell, LLC*, No. 07-24-00142-CV, 2024 WL 3837933, at *2 (Tex. App.—Amarillo Aug. 15, 2024, no pet.) (mem. op.). Texas law favors partition in-kind over partition by sale. *Bowman*, 569 S.W.3d at 220.

(Tex. App.—Houston [14th Dist.] 1992, writ denied) ("The prerequisites of maintaining a suit for partition of land is (1) common interest in the land, and (2) equal right to present possession.").

### C. Community property presumption

While the statutory definition of community property is narrower, the Family Code creates the following community property presumption: "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." Tex. Fam. Code Ann. § 3.003 (a) (presumption of community property). Clear and convincing evidence is required to defeat this presumption and establish that property is separate property. *Id.* at (b).

Within the context of a no-evidence motion for summary judgment, the non-movant's proffering of more than a scintilla of evidence that the property was in the possession of either spouse during or on dissolution of marriage gives rise to the community property presumption, as illustrated by *D. B. v. K. B.*, 176 S.W.3d 343, 346–49 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). In that division-of-marital-property case, the husband, in his no-evidence motion for summary judgment, argued that, because the wife had failed to establish he had a present vested interest in the *qui tam* fee as of the date of the divorce, there was no evidence that the fee was community property or that the community presumption applied.[13] *Id.* at 346.

Acknowledging the wife's evidence that, during the marriage, the husband learned of the alleged fraud, filed a *qui tam* lawsuit, and alerted federal authorities, the court of appeals held that the husband possessed an interest in the *qui tam* fee during the marriage. *Id.* at 349. As a result, the court explained, "[t]o rebut the community presumption, [the husband] was required to produce

---

[13] The wife filed an opposing no-evidence motion for summary judgment regarding ownership of the *qui tam* fee. *Id.* Opposing motions for summary judgment are necessarily responsive to each other. *D. B. v. K. B.*, 176 S.W.3d 343, 347 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). In her motion, the wife argued that, because the husband testified that he learned about the fraud and filed the lawsuit during their marriage, there was no-evidence that the potential *qui tam* fee was separate property. *Id.* at 346.

clear and convincing evidence that he did not earn the potential qui tam fee during the marriage." *Id.* And because he failed to do so, he was not entitled to a no-evidence summary judgment.[14],[15] *Id*. at 349–50.

## IV. ANALYSIS

Because Appellees moved for summary judgment on the ground that Appellants had no evidence showing they had an ownership interest in Tracts 3, 4, 5, and 6, Appellants had the burden to produce summary judgment evidence raising a genuine issue of material fact as to this challenged element of their cause of action. *See Merriman*, 407 S.W.3d at 248; Tex. R. Civ. P. 166a(i).

Rogerio Jr. asserted his ownership interest in the land arose from his inheritance from his father. Rogerio Jr. alleged that because Rogerio Sr. died intestate, his community property interest in the subject property was inherited by all 11 of his children, including Rogerio Jr.

The following documents were attached as exhibits to Appellants' response to the motion for summary judgment: (1) Rogerio Jr.'s Affidavit; (2) Appellants' Second Amended Original Petition for Injunction and Damages and Trespass to Try Title, and Suit for Partition; (3) the Marriage Certificate of Rogerio Sr. and his first wife, Maria Ruiz; (4) the birth certificate of the child born to Rogerio Sr. and Maria Ruiz; and (5) a 2018 Judgment Declaring Heirship in Rogerio Sr.'s probate proceeding.

---

[14] The court of appeals affirmed the trial court's grant of the wife's motion and denial of the husband's. *Id*. at 350.

[15] In 2022, we similarly illustrated the point that, where a rebuttable presumption applied, once a non-movant proffered some evidence in response to a no-evidence motion for summary judgment, "the motions are no longer true 'no evidence' motions and stand or fall as traditional 166a(c) motions," i.e., the movant must rebut the presumption through its own evidence. *Garza v. RDL Energy Services, LP*, 697 S.W. 3d 663, 670 (Tex. App.—El Paso, 2022, no pet.) *reh'g dismissed, judgment vacated sub nom. Garza v. Samuel*, 2023 WL 6374295, at *2 (Tex. App.—El Paso Sep. 29, 2023 (mem. op.) (opinion not withdrawn).

In the 2018 Judgment Declaring Heirship,[16] the county court found that, at the time of Rogerio Sr.'s death on May 11, 2003, he was married to Alegunda. The judgment identified Rogerio Jr. as one of Rogerio Sr.'s heirs and found that "the heirship of [Rogerio Sr.] has been fully and satisfactorily proved, as well as the identity of the nature of [Rogerio Sr.'s] property as being separate or community and the interest and shares of each of the heirs therein and that no administration is necessary." It further found that Alegunda (who died on November 20, 2007) owned 1/2 of the community property and that the 11 children each owned 1/22nd of the community property.[17]

The Judgment Declaring Heirship established that Rogelio Sr. possessed separate property, and that he and Alegunda possessed community property. It further established that Rogelio Jr. is one of 11 heirs with an ownership interest in Rogelio, Sr.'s separate property as well as in the community property that Rogelio, Sr. and Alegunda possessed prior to Rogelio Sr.'s death.

In his affidavit, Rogerio testified that his mother (Alegunda) transferred certain property to Julie (Tract 6), Edio (Tracts 3 and 4), and Fernando Estrada (Tract 5) after his father's death,[18] and

---

[16] Sometime after Rogerio Sr.'s and Alegunda's deaths, Rogerio Jr. filed an Application to Declare Heirship of the Estate of Rogerio C. Estrada, Deceased. Through a proceeding to declare heirship, a court may determine: "(1) the persons who are a decedent's heirs and only heirs; and (2) the heirs' respective shares and interests under the laws of this state in the decedent's estate[.]" Tex. Est. Code Ann. § 202.001.

[17] In addition, the court found that Alegunda was entitled to 1/3rd of Rogerio Sr.'s separate personal property and a life estate in 1/3rd of his separate real estate; the 11 children each received a 1/11th share of 2/3rds of Rogerio Sr.'s personal separate property and a 1/11th share of 2/3rds outright in the separate real estate; and the 11 children each received a 1/11th share each of the 1/3rd remainder from Alegunda of Rogerio's separate real estate that passed upon her death.

[18] After the trial court initially denied Appellees' no-evidence motion for summary judgment, Appellees filed a motion for rehearing, and Appellants filed a combined response to the motion for summary judgment and response to the motion for rehearing. Among the exhibits Appellants attached to their combined response were conveyances of the subject property after Rogerio Sr.'s death: (1) a July 2003 Deed of Gift showing a conveyance of property from Alegunda to Julie (Tract 6); and two July 2003 Deeds of Gift showing conveyances of property from Alegunda to Edio (Tracts 3 and 4).

that he was disputing their claims to these tracts "since these claims are based on the transfer of [Alegunda's] community interest and the remainder community interest of [Rogerio Sr.] remains the interest of all his heirs which includes me."[19] Appellees contend that Appellants waived any community property presumption because they failed to invoke the presumption. We disagree. We take Rogerio, Jr.'s testimony that Alegunda and Rogerio Sr. had a community interest in the subject property to mean that the subject property was possessed by Alegunda and Rogerio Sr. during their marriage, prior to Rogelio, Sr.'s death. *See City of Keller*, 168 S.W.3d at 824 (we indulge every reasonable inference and resolve all doubts in the nonmovant's favor); *Fetty*, 905 S.W.2d at 300 (same).

The evidence proffered by Rogerio, Jr. gives rise to the community property presumption as to the subject property and provides more than a scintilla of evidence in support of his claim. Tex. Fam. Code Ann. § 3.003 (a) ("Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."). Because Appellees would have to produce clear and convincing evidence to rebut the presumption, they are not entitled to a no-evidence summary judgment as to Rogelio Jr. *See D. B.*, 176 S.W.3d at 349.

## V. CONCLUSION

Viewing the evidence presented by Rogerio, Jr. in the light most favorable to him, indulging every reasonable inference and resolving all doubts in his favor, we conclude that Rogerio, Jr. produced more than a scintilla of evidence to raise a genuine issue of material fact that the tracts of land at issue in this appeal were held by Rogerio Sr. and Alegunda during their

---

[19] Fernando Estrada was one of the defendants named in the suit for partition, but he was not a party to the no-evidence motion for summary judgment, presumably because he conveyed Tract 5 to Edio. The affidavit does not mention Maria Antonia, who also was a defendant in the suit for partition and was a party to the no-evidence motion for summary judgment.

marriage, thus invoking the community property presumption, and that Rogelio, Jr. had an ownership interest in the tracts by heirship.

Accordingly, we affirm the trial court's December 12, 2023 Modified Judgment as to Maria Estrada,[20] reverse as to Rogelio, Jr., and direct the trial court to modify the judgment consistent with this Court's opinion. We also remand the cause to the trial court for further proceedings consistent with this opinion.


LISA J. SOTO, Justice

November 4, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[20] We agree with Appellees that Appellants did not produce any evidence or argument showing that Maria Estrada has an ownership interest in Tracts 3, 4, 5, and 6.